[No. 11273. Department Two. — May 28, 1888.]

# B. F. BUTE, APPELLANT, *v.* J. S. POTTS, RESPONDENT.

NEGLIGENCE — WANT OF SKILL — ACTION AGAINST PHYSICIAN — EVIDENCE. — In an action against a physician to recover damages for alleged incompetency and negligence, evidence that the defendant had obtained a certificate from the state board of examiners, without an examination as to his qualifications, and upon the presentation of diplomas from certain medical schools which were irregularly obtained, is immaterial and irrelevant in support of the issue of negligence and incompetency.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion.

*Burt & Pfister*, for Appellant.

*C. D. Wright*, and *T. H. Laine*, for Respondent.

FOOTE, C. — This was an action for damages against a physician and surgeon for alleged incompetency and negligence. Judgment passed for the defendant, and from that the plaintiff appeals.

Upon the trial the plaintiff offered as evidence (to support his contention that the defendant was an incompetent physician and surgeon) that the latter had obtained a certificate from the state board of examiners without an examination as to his qualifications, and that his certificate was issued " upon the presentation of two diplomas" from certain medical schools, which were irregularly obtained. He also desired to show by a witness what the defendant said about his diploma.

The court excluded the evidence, the plaintiff excepted, and now claims that the action of the court was erroneous.

The case was presented upon the theory that the party sued had been guilty of negligence, and lacked skill as a physician and surgeon. The fact that he had or had

not certificates and diplomas as a physician and surgeon is no proof either that he had skill as such or lacked it.

A certificate or diploma could be no proof that he acted with skill in attending a given patient, or that he did not so act.  His services as to skill or the contrary must be determined by his acts and conduct in attending the patient.  It is the manner in which the services are performed that is the test of their character.

The evidence was immaterial and irrelevant, and the judgment should be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.