[S. F. No. 2963.   Department Two.—December 21, 1904.]

# GERTRUDE MERNIN, Respondent, v. B. B. CORY, Appellant.

DENTISTS — MALPRACTICE — PERMANENT INJURY TO JAW — SUPPORT OF VERDICT—CONFLICTING EVIDENCE.—In an action against a dentist for malpractice, where there is no room for doubt that the extraction of a tooth resulted in serious and permanent injury to plaintiff's jaw, and if the jury believed the testimony of the plaintiff they could not well avoid finding the malpractice averred, the verdict is sufficiently supported, notwithstanding there might be different conclusions from the evidence as to whether the injury was caused by the careless and unskillful conduct of the defendant.

ID.—INSTRUCTION—ADVICE NOT TO CONSULT PHYSICIAN—AGGRAVATION OF INJURIES.—Where there was evidence to which it was applicable the court properly instructed the jury to the effect that they might take into consideration on the question of damages the facts, if found to be true from the evidence, that her jaw was carelessly and negligently injured by the defendant, that defendant, after her jaw was injured, advised plaintiff not to consult a surgeon or secure medical treatment, that plaintiff, relying upon such advice, delayed to consult a physician or surgeon, and that, by reason of such delay, her injuries were aggravated and became permanent and incurable, and affected her general health, and rendered her unable to work and support herself as she did before she was injured by the defendant.

ID.—DUTY OF DENTIST AS TO ADVICE.—It was the duty of the dentist, though not a physician or surgeon, to give proper advice, and he should have such knowledge of the very bone out of which he extracts a tooth as to enable him to understand whether it had been so injured as to require treatment beyond his skill.

ID.—CARELESSNESS OF ADVICE—OTHER INSTRUCTIONS GIVEN AS TO CARELESSNESS.—It was not necessary to instruct the jury that the advice was carelessly and negligently given, where other instructions clearly informed the jury that carelessness or unskillfulness must have attended all the acts of the defendant so as to make him liable.

ID.—PLEADING—WILLFUL INTENT TO DECEIVE—PROOF—INSTRUCTION AS TO DAMAGES.—An averment in the complaint that the advice was given "with willful intent to deceive" is superfluous, except upon the question of punitive damages, and the proof of want of reasonable care or skill was sufficient to maintain the action for actual damages, without any evidence of willfulness, and the instruction as given was not erroneous because of such averment.

ID.—EVIDENCE—CLICKING JAW.—Where the plaintiff testified that a popping or clicking of her jaw commenced immediately after the alleged acts of malpractice, claiming that it was produced thereby, although there was evidence to show that such condition might be produced from other causes, it was proper to exclude the evidence of other witnesses that they had popping or clicking jaws.

APPEAL from a judgment of the Superior Court of Fresno County. George E. Church, Judge.

The facts are stated in the opinion of the court.

M. K. Harris, W. D. Turner, and Goodfellow & Eells, for Appellant.

F. E. Cook, A. P. Black, and Frank H. Short, for Respondent.

McFARLAND, J.—This action was brought to recover damages for injuries alleged to have been sustained by plaintiff by reason of the malpractice of the defendant as a dentist. The jury returned a verdict in favor of plaintiff for two thousand dollars, and judgment was rendered for that amount. Defendant appeals from the judgment and from an order denying his motion for a new trial.

We do not see any sufficient ground for maintaining appellant's contention that the verdict was not supported by the evidence. There is no room for doubt that the extraction of one of plaintiff's teeth by defendant resulted in serious and permanent injury to plaintiff's jaw; and while the question whether or not this injury was caused by the careless and unskillful conduct of defendant when extracting the tooth is one about which there might well be different conclusions drawn from the evidence, still it cannot be truly said that there was no material evidence supporting the conclusion at which the jury arrived on that subject. If the jury believed the testimony of plaintiff, they could not well avoid finding the malpractice averred.

The main contention of appellant is, that there should be a reversal on account of an instruction (No. 4) given the jury at the request of respondent. The facts out of which this litigation arose commenced with an attempt of appellant on or about October 15, 1899, to extract a tooth from the lower jaw

of respondent. Respondent testified, in substance, that while appellant claimed that he had extracted the whole of the tooth, he had in fact broken and mutilated the same and had left part of the root in the jaw; that she so informed appellant at the time, but that he insisted that he had taken it all out; that the jaw became much inflamed and very painful; that she visited appellant a number of times and complained to him that part of the root was still in the jaw, but that he declared that this was not so, and that the inflammation and pain would soon subside; that afterwards appellant admitted that part of the root did so remain, and on November 10th extracted the same, but in doing so he first carelessly and unskillfully took hold with his instrument of the jaw itself, instead of the root, and, as described by respondent in detail, inflicted grave and permanent injury to plaintiff's jaw; that her jaw continued to get worse, so that at times it became fixed and she could not open her mouth; that she frequently visited appellant and asked him to treat it; that he said there was nothing serious the matter; that she repeatedly asked him if she should not have her jaw examined and treated by a physician or surgeon, and he repeatedly advised her not to do so, and that if she did so she would make herself a laughing-stock; that relying on such advice she postponed consulting a physician or surgeon for a long time, and that when afterwards she did consult a physician and was treated at a hospital it was too late for her to receive much benefit from such treatment. In view of this, and other evidence, the court gave the said instruction No. 4, which is as follows: "If you find from the evidence that defendant advised plaintiff not to consult a surgeon, or secure medical treatment, after her jaw was injured by defendant, if you find the same was carelessly and negligently injured by defendant, and that plaintiff relied thereon and did not consult a physician or surgeon for a number of weeks after such injury, and that by reason of such delay plaintiff's injuries were aggravated and made worse, and that it was more difficult or impossible to treat or cure such injuries of plaintiff, and that thereby such injuries became and are permanent and cannot be cured, and the same has affected the general health of plaintiff, and she has become and is sick and disordered and unable to work or perform labor, or support herself by her own labor and work as

she did prior to such injuries, if you find that she did so work and support herself before she was injured by defendant, then I instruct you that you may take all such matters into consideration in fixing the damage incurred by plaintiff by such acts."

It is first contended that this instruction No. 4 was erroneous because it was not the duty of appellant, being merely a dentist and not a general physician or surgeon, to give the kind of advice asked by respondent. We do not think that this contention is maintainable. While a dentist may be qualified for his profession without being learned in the general science of therapeutics, he certainly should have such knowledge of the very bone out of which he extracts a tooth as to enable him to understand whether it had been so injured as to require treatment beyond his skill. It was also contended that the instruction is erroneous because it does not expressly state that the advice was carelessly or unskillfully given. But, in the first place, the court in other parts of its charge, both at the request of appellant and on its own motion, fully and in various forms instructed the jury that even if respondent's injuries resulted from the acts of appellant, still respondent could not recover unless such acts were carelessly or unskillfully done. For instance, the jury were instructed "Should the evidence fail to show that defendant did not exercise ordinary skill, care, and prudence in the work which he did for plaintiff then you must find a verdict for the defendant"; also, "You should also bear in mind that the contention of plaintiff that there was a lack of skill or care on the part of defendant is a fact which the law requires the plaintiff to prove, by a preponderance of the evidence, the same as any other fact or facts in the case, and the jury would not be justified in finding this as a fact upon mere surmises or assumptions"; also, "If the plaintiff sought the services, care, and skill of the defendant for dental work, and the defendant accepted her employment to do such work, the law only required of him the possession of such skill and learning in his profession and only requires of him in the performance of his work such ordinary care and skill as is ordinarily possessed by a person following such profession, and if you find from the evidence in this case that the defendant at the time he performed services for the plaintiff did possess skill and

learning, and that in his services rendered to the plaintiff, in all the work performed for her by him, he exercised that skill and care and good judgment, then you must find a verdict for the defendant, even if you should also find from the evidence that the plaintiff suffered injuries and pain after such services were performed for her, even if caused by the work of the defendant.'' These instructions clearly informed the jury that carelessness or unskillfulness must have attended all the alleged acts of appellant, in order to make him liable, and there was no necessity of repeating them at every part of the instructions. Moreover, if the facts stated showed malpractive the use of adjectives or adverbs to expressly characterize such malpractice as careless and unskillful would add nothing to the statement. It is contended also that the instruction was erroneous because it is averred in the complaint that the conduct of defendant referred to in the instruction was willful and intended to deceive, while the instruction does not include the element of willfulness, etc.; but this averment of willful- · ness was superfluous unless respondent had claimed punitive damages, and the proof of want of reasonable care or skill was sufficient to maintain the action without any evidence of the willfulness.

After the alleged acts of malpractice respondent had a ''popping'' or ''clicking'' of the jaw—a disagreeable sound made by a movement of the jaw. Respondent testified that this clicking commenced immediately after the alleged acts of appellant—claiming that it was produced by said acts. Appellant offered to call several witnesses to testify that each of them had a clicking jaw; the court sustained an objection to the proposed testimony; and it is contended that this ruling was prejudicial error. We do not think that this contention is maintainable. In addition to the general objection to the introduction of special instances of this kind and the remoteness of the proposed testimony, its purpose could only have been to show that a number of persons had this peculiar condition of the jaw which had not been produced by the cause to which respondent attributed her condition. But it was abundantly shown by the evidence that this condition may be produced by various causes, and there was no claim or pretense by respondent that it could be produced only by a dental operation. We think, therefore, that the court prop-

erly refused to have its time taken up by listening to the sound of a lot of clicking jaws; for such a spectacle would have added nothing to the elucidation of any real points at issue in the case.

The two contentions above noticed are the ones mainly relied on. We see nothing in any of the other points made for a reversal which calls for special notice, and it is sufficient to say that, in our opinion, no one of them is tenable.

The judgment and order appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.