performance of a real estate contract to keep his promise to extend the time for such performance does not present any defense to such note.

## Stella Smith, Appellee, v. P. M. Swinehart, Appellant.

### Gen. No. 22,927.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. PETER C. WALTERS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed December 21, 1917.

### Statement of the Case.

Action by Stella Smith, plaintiff, against P. M. Swinehart, defendant, to recover damages for negligent dental work. From a judgment for plaintiff for $25, defendant appeals.

EDMUND W. POTTLE, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1301*—*when finding of court presumed to be sustained by evidence.* Where hearing was by the court without a jury, it will be presumed that the finding was upon the material evidence only, although some or most of the evidence was objectionable.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*what need not be alleged in statement of claim for negligent dental work.* In an action to recover for alleged negligent dental work, done in part by the defendant and in part by his employee in his office working for him

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

or under his direction, it was unnecessary to allege in the statement of claim either that the employee made the agreement for the work or that he performed it.

3. DENTISTS, § 3*—*when immaterial whether dental employee is licensed.* Whether or not an employee of a dentist was a licensed dentist was immaterial in an action against the dentist to recover for negligent work done by the employee working in defendant's office for him or under his direction.