[Civ. No. 2065.  Second Appellate District, Division Two.—February 10, 1919.]

C. M. WILCOX, as Administrator, etc., et al., Appellants,
v. HARRY E. VARNEY et al., Respondents.

INJUNCTION—VIOLATION OF BUILDING RESTRICTIONS — NONSUIT—LACK OF EVIDENCE.—In this action to enjoin defendants from permitting buildings to remain on a lot of land in violation of alleged building restrictions, a judgment of nonsuit was properly granted, there being no evidence of any restrictions having any reference to the lot in question.

APPEAL from a judgment of the Superior Court of Los Angeles County. Grant Jackson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jensen & Jensen and Chas. H. Brock for Appellants.

Earl D. Killion for Respondents.

THOMAS, J.—This is an appeal from a judgment of nonsuit granted on the ground that "the facts do not make out any cause of action against the defendants, or either of them, in behalf of plaintiffs, or either of them." Both parties to this action contend that the court granted the said judgment on *two grounds:* (1) That the complaint does not state facts sufficient to constitute a cause of action; and (2) That at the trial plaintiffs failed to make out a case against the defendants, or either of them. In this they are both wrong. The record discloses the following facts: (1) That a demurrer, general and special in terms, was interposed to plaintiffs' second amended complaint—which is the complaint set out in the transcript—and the same was overruled; (2) That on the day of trial defendants objected to the introduction of any testimony on the ground that the complaint did not state a cause of action. This was denied. The court took all the testimony that plaintiffs desired to offer, and at the close of plaintiffs' case granted the motion referred to herein.

The action is one asking for an injunction enjoining the defendants, and each of them, from permitting certain

buildings to remain upon a certain lot, and ordering them to remove same therefrom, and for damages because of non-compliance with certain "building restrictions." It is alleged in the complaint, and denied by the answer: "That pursuant to a general plan of improvement for the benefit of all lots in said tract, and for each of said lots, uniform building restrictions were by the plaintiff Title Insurance and Trust Company, placed thereon. That each and every lot sold in said tract was, by the plaintiff Title Insurance and Trust Company, sold and conveyed by recorded deed, each lot subject to uniform building restrictions inserted in the deed thereof, in words and figures following, to wit: 'That said premises shall be used for residence purposes only. That no building or structure whatever other than a private residence with the customary outbuildings, including a private stable, shall be erected, placed or permitted on said premises, or any part thereof, and that any such residence shall cost and be fairly worth not less than Fifteen Hundred Dollars ($1500.00); and shall be located not less than 25 feet from the front line of said premises, and said building shall face the front line of said premises. That no part or parts of any outbuilding or private stable which may be erected upon said premises, shall extend more than 50 feet from the rear line of said premises. That no intoxicating liquors of any character shall be bought, sold, or kept for sale on said premises or any part thereof; that said premises, or any part thereof, shall not be sold, conveyed, leased, rented to or occupied by any person of African, Japanese or Mexican descent. *Provided*, that a breach of any of the foregoing conditions shall cause said premises to revert to the said grantor, its successors or assigns, each of whom, respectively, shall have the right of immediate re-entry upon said premises in the event of any such breach. *Provided* also, that a breach of any of the foregoing conditions, or any re-entry by reason of such breach, shall not defeat or render invalid the lien of any mortgage or deed of trust made in good faith and for value as to said premises, or any part thereof; but said conditions shall be binding upon and effective against any owner of said premises whose title thereto is acquired by foreclosure, trustee's sale or otherwise. *Provided further*, that all and each of the restrictions, conditions and covenants herein contained shall, in all respects

terminate and end and be of no further effect, either legal or equitable, and shall not be enforceable after January 1st, A. D. 1920.' " We have gone over the record in this case carefully, and we fail to find any evidence to support these allegations.

The evidence shows that the Southern Pacific Company, a creditor of the plaintiff Title Insurance and Trust Company, conveyed certain lands, including those claimed by the defendants herein, to. it, and that a certain "syndicate," composed of Weddington, Cooper, and Rose E. Whitley, conveyed to it certain other lands, and that the Title Insurance and Trust Company held. all of these lands in trust, but had nothing to do with negotiating the sales. It appears from the evidence that all the lands contained in the Lankershim tract were sold pursuant to "a general plan of improvement." Counsel in putting his questions used the word ''restrictions''—as, for instance: "Q. You say all these lands were sold pursuant to a general' plan of improvement for the benefit of all the lands in the tract? A. Yes, sir. Q. And these restrictions were contained in all the deeds? A. Yes, sir." We are at a loss to know what it was that counsel was referring to in the last question. There was some discussion between counsel and the court, in which there was some reference to a "certificate of title" and "some deeds," but no certificate of title, or anything purporting to be such, is disclosed by the evidence here. We assume, however, that it was something contained in these that was referred to in asking the said question. That we are correct in this assumption is probably proven by the following testimony: "Q. Mr. Greene, with reference to the restrictions on the lots in the Lankershim Tract, were all the restrictions uniform as to the residence lots? A. Yes, sir. Q. The same as alleged in the complaint? A. Yes, sir. Q. In the deed shown here— Mr. Bowman: I object to that. Q. Do you know whether or not there were uniform building restrictions on all the residence lots in the tract? Mr. Bowman: I object to that. The Court: The same ruling. There is only one way here to prove that in the face of objection, and that is by the production of the documents. Mr. Jensen: Documents to prove that there were restrictions? The Court: The document was in writing, and the only way

it can be proved is to produce the paper. Mr. Jensen: There is no paper to show the general plan of the improvement. We will have to show that by the testimony of the witnesses." The only evidence there is of the so-called "restrictions" is that shown by Plaintiff's Exhibit I—but that does not contain any reference to lot 15 in block 8 of said tract, which is the lot in controversy here. There is no evidence to show that any of the land conveyed to either of plaintiffs' here by others than the "syndicate" was subject to said or any restrictions, and so far as these defendants, or any of them, are concerned, the only evidence that they, or any of them, knew of said or any restrictions, is the following testimony of the witness Weddington: "Q. Did you speak to either or any of the defendants with reference to building restrictions before they began building on the lot? A. I did. Q. What did you tell them? A. I spoke to Mr. Kirkpatrick about his building. Q. What did you tell him, if you remember? A. Mr. Wilcox came to see me and said— The Court: Never mind what Mr. Wilcox told you—you are asked what you told Mr. Kirkpatrick. A. I told Mr. Kirkpatrick what Mr. Wilcox told me. Mr. Bowman: Just a moment: I would like to know whether he is testifying as the messenger of Mr. Wilcox or in some other capacity. The Court: If you want it in, all right. You have no objection to the question. You were asked as to what you told Mr. Kirkpatrick. Mr. Bowman: I withdraw the objection. A. I told Mr. Kirkpatrick Mr. Wilcox had come to see me and said that his house did not comply with the restrictions at that time. And I looked it over and measured the distance from the rear line, and that's all I told him." By what stretch of imagination can that be construed to prove plaintiffs' said contention? We are of the opinion that in this it wholly fails. There is no proof that the defendants, or either of them, had any deed, except as shown by the pleadings—that is, there is no evidence offered to sustain the allegations of the complaint which are denied in the answer. We are left totally in the dark as to this deed or its contents, covenants, or restrictions.

Thus confronted, we are of the opinion that it is wholly immaterial here whether the alleged "restrictions" constitute a "covenant running with the land," or a "condition

subsequent," and that the judgment of nonsuit was properly granted.

Judgment affirmed.

Finlayson, P. J., and Sloane, J., concurred.