[Civ. No. 3998.   First Appellate District, Division One.—December 8, 1921.]

# WILLIAM MARIS, Respondent, v. H. CRUMMEY, INC. (a Corporation), Appellant.

[1] NEGLIGENCE—DESTRUCTION OF PROPERTY BY FIRE—ORIGIN—SPARKS FROM DONKEY-ENGINE—SUFFICIENCY OF EVIDENCE.—In an action to recover damages for the destruction of property by fire alleged to have been caused by the negligent operation of a donkey-engine belonging to defendant and being operated by it near the location of the destroyed property, where there was evidence that the engine was not equipped with a spark-arrester, and that during the operation of the engine on the day in question sparks and cinders were observed by several witnesses to be rising from the smokestack of the engine, and that such sparks and cinders were being carried by the wind and deposited upon near-by property, and that thereby several grass fires had been started, the jury were entitled, in the absence of any other plausible explanation of the origin of such fires or for the fire which destroyed the property of the plaintiff's assignors, to draw the natural inference that the fire had found its origin in the sparks from the engine.

[2] ID.—NEGLIGENT OPERATION OF ENGINE—SUFFICIENCY OF EVIDENCE. Where, in such action, the defendant offered no evidence to show that it had taken any precautions to prevent the sparks and cinders from arising from its engine, or from being carried to places where the fires occurred, the jury were entitled to infer that the engine was being negligently operated, notwithstanding a showing that the engine was clean and in good working condition, that it was in charge of an experienced operator, and that it was burning lampblack in lump form, which was a less dangerous substance than wood or coal, and that it was almost entirely consumed in the process of burning.

[3] ID.—AMOUNT OF DAMAGES—QUESTION FOR JURY—CONCLUSIVENESS OF FINDING—APPEAL.—In such action, it was the special province of the jury to determine from the evidence what the actual value of the damaged properties were upon the date of the fire, and its finding upon that subject is conclusive on appeal.

[4] ID.—EVIDENCE—TESTIMONY OF FIRE ADJUSTERS.—It was not error in such action to admit the testimony of certain adjusters of the damages caused by the fire, where it sufficiently appeared that they were experts in the matter of determining values of property damaged or destroyed by fire, and that they had examined the damaged or destroyed property.

1. Liability for fire caused by stationary engine, note, **Ann. Cas.** 1917C, 771.

[5] ID.—ACTION ON BEHALF OF INSURANCE COMPANIES—EVIDENCE—
PROOFS OF LOSS.—In an action by the assignee of subrogated in-
surance companies to recover damages for the destruction of prop-
erty by fire alleged to have been caused by the negligent operation
of a donkey-engine, the proofs of loss presented to the companies
by the insured persons after the fire were admissible for the pur-
pose of showing that they had complied with the terms of their
respective policies so as to entitle them to be paid and to entitle
the companies to pay the losses.

[6] ID.—LIMITED PURPOSE OF PROOFS OF LOSS—FAILURE TO MAKE OB-
JECTION—APPEAL—POINT NOT AVAILABLE.—Where, in such action,
the defendant did not make the objection that evidence of the
proofs of loss should be limited to the purpose of showing com-
pliance by the persons insured with the terms of the policies or
request an instruction to such effect, it cannot make such objection
for the first time on appeal.

[7] ID.—SPARKS FROM LAMPBLACK—BURNING QUALITIES—RESULT OF
EXPERIMENTS—DISCRETION—APPEAL.—Where, in such action, it
was shown that the defendant was burning lampblack in lump form
in its engine at the time of the fire, the exclusion of the testimony
of experts concerning certain experiments made in an attempt to
show the burning qualities of sparks from lampblack was a matter
resting largely in the discretion of the trial court, and its action
will not be reviewed, in the absence of a clear showing of an
abuse of such discretion.

[8] ID.—IMPROPER QUESTIONS BY JURY—FAILURE TO MAKE OBJECTION
—APPEAL—POINT NOT AVAILABLE.—The defendant in such action
cannot complain on appeal that improper questions were asked by
the jury in response to a suggestion of the court that they were
entitled to ask questions where no objection was urged at the time.

[9] ID.—INSTRUCTIONS—EFFECT OF EMISSION OF SPARKS.—The court
properly refused instructions requested by the defendant embra-
cing without qualification the statement that "the mere emission of
sparks from the donkey-engine in question is not of itself evi-
dence of negligence," and correctly instructed the jury that the
defendant could not be held to be guilty of negligence by the mere
fact that the engine was emitting sparks, unless it was also found
that such sparks were the direct and proximate cause of the fire.

[10] ID.—CUSTOM RELATIVE TO USE OF SPARK-ARRESTERS—INSTRUCTION.
Where specific instructions were given as to the duty of the jury
to take into consideration all of the evidence in determining the
issues, and particularly in determining the question as to whether
the defendant was guilty of negligence in using and operating its
engine, it was not error to refuse a requested instruction that it
would be proper for the jury to consider the evidence of general
custom with reference to the use of spark-arresters upon such en-
gines in determining whether defendant was negligent in operating
its engine without such an arrester.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Randolph V. Whiting for Appellant.

Frank J. Fontes and Henry F. Boyen for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiff in an action brought to recover damages for the destruction of property by fire caused by the alleged negligent operation of a donkey-engine belonging to defendant and being operated by it near the location of the property so destroyed by fire. For the purposes of this appeal the parties thereto have stipulated as to certain matters, such as the ownership of the property, the insurance thereof, payment of premiums, filing of the proofs of loss, payment of the claims by the insurance companies, subrogation of the alleged causes of action to the insurance companies, and the assignments thereof to the plaintiff, thus eliminating the necessity of presenting much of the pleadings and evidence upon the appeal, and confining the questions presented thereby to three groups, namely, (1) the insufficiency of the evidence to show that the engine operated by the defendant caused the fire; to show that such engine was negligently operated, and to prove the amount of damages sustained; (2) errors in the admission or rejection of certain evidence, to be hereafter specifically referred to, and (3) errors in the giving of certain instructions and in the refusal of certain other requested instructions of the defendant. The trial was had before a jury which returned a verdict in favor of the plaintiff, and from the judgment entered thereon this appeal has been prosecuted.

[1] The appellant's first contention is that the evidence was insufficient to show that the engine operated by the defendant caused the fire. Upon this branch of the case the evidence sufficiently discloses that on June 3, 1918, the defendant, through its agents, was operating a donkey-engine in the course of making certain repairs upon a street in the city of San Francisco; that said engine was

not equipped with a spark-arrester and that during the
operation of the said engine on the day in question sparks
and cinders were observed by several witnesses to be rising
from the smokestack of said engine, and that these sparks
and cinders were being carried by the wind and deposited
upon near-by property, and that thereby several grass fires
had been started; that a cinder from the engine had burned
a hole in the coat of a person standing on his porch near
where the engine was being operated, and that gas escaping
from a near-by broken gas-pipe had been ignited. There was,
of course, no witness who could testify that a particular spark
which had arisen from said engine had been deposited upon
the house of any one of plaintiff's assignors, setting it afire,
but since no other plausible explanation was offered for the
origin of these various fires or for the fire which destroyed
the property of the plaintiff's assignors, the jury were en-
titled to draw the natural inference that the fire by which
the property was destroyed had found its origin in the
sparks which had arisen from the defendant's engine, and
which had caused the several fires above referred to.

[2] The appellant's further contention is that the evi-
dence was insufficient to show that its engine was being
negligently operated. This contention is entitled to a little
consideration in view of the foregoing reference to the
evidence in the case, since the jury would be entitled to draw
the inference that the emission of sparks and cinders in a
thickly populated neighborhood to an extent sufficient to
cause the several fires above adverted to would be attribu-
table to the negligent operation of said engine in such a
locality and with such consequences. The defendant offered
no evidence tending to show that it had taken any precau-
tions to prevent these dangerous sparks and cinders from
arising from its engine or from being carried to places
where such fires occurred. In the absence of such showing
we think the jury were entitled to infer the negligent opera-
tion of said engine. Appellant, however, contends that when
it had shown that the engine in question was clean and in
good working condition, that it had just come from the
shop, that it was operated by a man who had had long
experience in the operation of such engines, that it was
burning lampblack in lump form, which was a less danger-

ous substance than wood or coal, and that it was almost entirely consumed in the process of burning, it had sufficiently shown that it was not guilty of negligence in the operation of said engine. This evidence might well have been considered by the jury to have been offset by the fact that the engine was emitting sparks and cinders which, within the observation of those who were operating the same, were being deposited upon and were causing fires in near-by places, and that these latter facts would of themselves be sufficient to raise the imputation of negligence on the part of the defendant in the operation of the engine causing these obvious and imminent consequences. We are of the opinion, therefore, that the evidence sufficiently shows that the engine in question was being negligently operated, and the fire upon the premises of plaintiff's assignors was directly caused thereby.

[3] The final contention of the appellant under the head of insufficiency of the evidence is that the evidence was insufficient to prove the amount of damages suffered. In support of this contention the appellant offers an argument which might well have been made to the trial jury with reference to the values of the various items of property embraced in the several claims assigned to plaintiff, but which has little value upon this appeal, since it was the special province of the jury to determine from the evidence presented before it what the actual values of these damaged properties were upon the date of the fire, and its finding upon that subject is conclusive upon this appeal.

[4] The appellant's second main contention is that the court committed certain errors in the admission and rejection of evidence, the first of these alleged errors being that of the alleged improper admission of the testimony of certain adjusters of the damages caused by said fire, and also of the admission in evidence of the proofs of loss presented to the insurance companies after the occurrence of the fire, and in order to collect the insurance thereon. As to the first of these objections, it sufficiently appears that the adjusters who were called to testify were experts in the matter of determining values of property damaged or destroyed by fire, and that they had examined the particular property so damaged or destroyed. They were thus, we think, sufficiently qualified as experts to give evidence upon this sub-

ject and we can see no objection to the admission of their testimony in this capacity. [5] As to the proofs of loss, these were admissible for the purpose of showing that the persons insured had complied with the terms of their respective policies so as to entitle them to be paid and to entitle the insurance companies to pay the losses which had been sustained by the fire. [6] The defendant's only objection to this evidence which properly could have been made would have been that it should be confined to this limited purpose. It did not make this requirement, nor did it request an instruction to the jury that the evidence should be confined to this limited scope. It cannot, therefore, make that objection here.

As to the appellant's next contention that evidence was improperly admitted with reference to the emission of sparks from some donkey-engine other than the engine which is alleged to have caused the fire, we do not find that this objection is borne out by the record in the case.

[7] As to appellant's contention that the court improperly rejected the testimony of experts concerning certain experiments made in an attempt to show the burning qualities of sparks from lampblack, it is sufficient to say that the admission or rejection of evidence of this character lies so largely within the discretion of the trial court that its action thereon will not be reviewed on this appeal, in the absence of a clear showing of an abuse of that discretion. There is no such showing made.

[8] The final contention of the appellant under this head is that certain improper questions were asked by the jury in response to a suggestion of the court that the jury were entitled to ask questions. A sufficient answer to this contention is that no objection was urged by the defendant at the time to the propounding of these questions by the jurymen, and that it is too late now to urge such objection thereto. The appellant urges that when jurymen ask improper questions the defendant is placed in the delicate dilemma of either allowing such question to go in without objection or of offending the jurors by making the objection, and the appellant insists that the court of its own motion should check the putting of such improper questions by the jurymen, and thus relieve the party injuriously affected thereby from the odium which might result from

making that objection thereto. There is no force in this contention. Objections to questions, whether asked by a juror or by opposing counsel, are presented to the court, and its ruling thereon could not reasonably affect the rights or standing of the party making the objection before the jury in the one case more than in the other. There is no merit, therefore, in this contention.

[9] The appellant's final contention is that the court committed certain errors in the giving of certain instructions and in the refusal to give certain other instructions requested by it. As to the instructions which the court gave, we are satisfied from a careful examination of the whole body thereof that they embraced a fair and full statement of the law applicable to the case, and that the objections which the appellant now urges to particular portions thereof are sufficiently answered by a consideration of the instructions as a whole. In so far as the appellant's contention that the court erred in refusing to give certain instructions requested by it is concerned, it may be said that the defendant insisted upon requesting several instructions embracing the statement that "the mere emission of sparks from the donkey-engine in question is not of itself evidence of negligence." The court modified these instructions so as to eliminate this phrase, and gave to the jury the following modified instruction: "I charge you that the defendant cannot be held to be guilty of negligence in this case, by the mere fact, if you find it to be a fact, that the engine in question was emitting sparks at the time of the alleged fire, unless you find from the evidence that the sparks were the direct and proximate cause of the fire, and also that the defendant was thereby guilty of negligence, and thereby occasioned the fire in question." We are of the opinion that the modified instruction of the court as given embraced a correct expression of the law, and that the instructions requested by the defendant embracing without qualification the above objectionable phrase were properly refused.

[10] The appellant also contends that the court committed error in refusing to give to the jury a special instruction that it would be proper for them to consider the evidence of general custom with reference to the use of spark-arresters upon such engines in determining whether

the defendant was guilty of negligence in operating the same without such spark-arrester. The court gave to the jury specific instructions that it was their duty to take into consideration all of the evidence in the case in determining the issues presented before them, and, particularly, in determining the question as to whether or not the defendant was guilty of negligence in using and operating its engine under the circumstances of this particular case. When the trial court has thus generally instructed the jury as to its duty in these regards it is not error on its part to refuse instructions with reference to particular portions of the evidence which they are thus generally instructed to consider.

We think that the foregoing sufficiently embraces and disposes of the instructions, whether given or refused, of which appellant complains.

Finding no error in the record before us, the judgment is affirmed.

Tyler, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 7, 1922, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 6, 1922.

All the Justices concurred, except Wilbur, J., and Shurtleff, J., who dissented.