[Civ. No. 6170. First Appellate District, Division One.—January 13, 1928.]

GEORGE W. LEY, Respondent, v. H. B. BISHOPP, Appellant.

314

W. I. Gilbert and W. H. Dehm for Appellant.

Arthur A. Weber for Respondent.

CASHIN, J.—An action to recover damages for injuries alleged to have been caused by the negligence of the defendant. A jury returned a verdict for the plaintiff in the sum

of $750, and from the judgment entered thereon the defendant appeals.

It is contended as grounds for reversal that the verdict is unsupported and that the trial court erred in denying a motion for nonsuit, and by permitting certain tests to be made in the presence of the jury.

The defendant, a dental surgeon, was employed by the plaintiff to prepare for the use of the latter four removable bridges, and in the course of making certain casts or impressions for that purpose it was alleged that, due to the defendant's negligence, plaintiff's mouth was burned, causing him severe pain and a serious illness.

The evidence shows that the casts used were not prepared by the defendant or by a licensed dentist but by a person temporarily employed at the office of the defendant for that purpose. It was testified that the casts were composed of a mixture of plaster of Paris and potassium sulphate, to which water was added, and that the combination of these substances produces heat. The plaintiff described the effect when the mixture was applied and the extent and character of his injuries, his testimony in the latter respects being corroborated by that of his wife; and a physician by whom he was examined on the same day testified that the condition observed appeared to have been caused by burns. Expert witnesses differed in opinion as to the degree of heat which such mixtures might produce, but it sufficiently appears from the testimony that the result would be affected by the temperature of the water and the proportions of the other ingredients used. There was also a difference of opinion as to the temperature which would cause injury, but the testimony reasonably supports the inference that the addition of water at too high a temperature to improper proportions of the other substances mentioned would generate heat sufficient to have an injurious effect.

The defendant contends that the conclusion of the jury as to the cause of the injuries was based upon circumstantial evidence; and that if other conclusions might reasonably be drawn therefrom that of the jury cannot be sustained. Reliance is placed upon *Wilbur* v. *Emergency Hospital Assn.*, 27 Cal. App. 751 [151 Pac. 155], and *Hopkins* v. *Heller*, 59 Cal. App. 447 [210 Pac. 975], where,

citing with approval the case of *Neal* v. *Chicago, R. I. & P. Ry. Co.*, 129 Iowa, 5 [5 L. R. A. (N. S.) 905, 105 N. W. 197], it was held that a theory cannot be said to be established by circumstantial evidence even in a civil case unless the facts relied upon are of such nature and so related to each other that it is the only conclusion that can fairly or reasonably be drawn therefrom. In *Estate of Wallace*, 64 Cal. App. 107 [220 Pac. 682], the above rule was approved; but the supreme court in denying a petition for a transfer said: " . . . We do not wish to be understood as approving the statement of the rule by the District Court of Appeal as to the method of weighing circumstantial evidence when applied to a reviewing court of appeal. The rule is stated and applied in the recent cases of *Estate of Loucks*, 160 Cal. 551, 554, 555 [Ann. Cas. 1913A, p. 868, 117 Pac. 673]; *People* v. *Tom Woo et al.*, 181 Cal. 315 [184 Pac. 389], and *Mah See* v. *North American Acc. Ins. Co.*, 190 Cal. 421 [26 A. L. R. 123, 213 Pac. 42]."

In *People* v. *Tom Woo, supra,* an appeal from a judgment of conviction on a criminal charge, it being contended that the evidence—which was circumstantial—was insufficient to sustain the verdict, the court said: "The principal question on this appeal is whether the evidence is sufficient to justify the verdict against appellants. In passing upon this question we will not attempt to determine the weight of the evidence, but will decide only whether upon the face of the evidence it can be held that sufficient facts could not have been found by the jury to warrant the inference of guilt. For it is the function of the jury, in the first instance, and of the trial court after the verdict, to determine what facts are established by the evidence; and before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal on the ground we are discussing it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below."

As the rule is stated in other jurisdictions, circumstantial evidence in civil cases, in order to be sufficient, need not rise to that degree of certainty which will exclude every reasonable conclusion other than that drawn by the jury (*Midland Valley Ry. Co.* v. *Taylor*, 85 Or. 95 [204 Pac. 1102]; *Meier* v. *Northern Pacific Ry. Co.*, 51 Or. 69 [93

Pac. 691]; *Pittsburgh C. C. & St. Louis Ry. Co.* v. *Hoffman,* 57 Ind. App. 431 [107 N. E. 315, 321]; *Hashman* v. *Wyandotte Gas Co.,* 83 Kan. 328 [111 Pac. 468]; *Farber* v. *Boston Ins. Co.,* 215 Mo. App. 564 [256 S. W. 1079]; *St. Louis B. & M. Ry. Co.* v. *Moss* (Tex. Civ. App.), [203 S. W. 777]).

In addition to evidence tending to show that the mixture under certain conditions might do harm appears the testimony of the plaintiff who experienced its effect; and this with that of the witnesses who observed the condition after its use sufficiently supports the conclusion of the jury as to the fact and cause of the injury.

The implied contract of a physician or surgeon who undertakes to treat a patient is that he possesses the skill and knowledge ordinarily possessed by members of his profession, and that he will use ordinary care and skill in the application of such knowledge to accomplish the purpose for which he is employed (*Houghton* v. *Dickson,* 29 Cal. App. 321 [155 Pac. 128]). If, however, he fails to conform to the proper standard and an injury results to the patient; or if such injury is caused by a want of proper skill or care on the part of his agents or assistants, he will be liable (*Mernin* v. *Cory,* 145 Cal. 573 [79 Pac. 174]; *McCollum* v. *Barr,* 38 Cal. App. 411 [176 Pac. 463]; *Mullins* v. *Du Vall,* 25 Ga. App. 690 [104 S. E. 513]; *Klitch* v. *Betts,* 89 N. J. L. 348 [98 Atl. 427]; *Smith* v. *Swinehart,* 209 Ill. App. 175).

In the present case the testimony shows that the injury followed the use of the mixture; and while the question whether its effect was due to a lack of skill or care on the part of the defendant or his assistant in its preparation, or to some other cause, was one respecting which different inferences might be drawn, the conclusion reached by the jury finds reasonable support in the evidence and cannot be disturbed (*Wilbur* v. *Wilbur,* 197 Cal. 1 [239 Pac. 332]; *People* v. *Stafford Packing Co.,* 198 Cal. 719 [227 Pac. 485]).

The court permitted an expert to make tests for the purpose of showing the effect of using in its preparation different proportions of the ingredients of the mixture and water at different temperatures. It is contended that

the proportions and the temperature of the water used in certain tests were different from those which, according to the testimony of defendant's assistant, were used in the mixture in question, and that the tests were consequently misleading. The jury, however, was not bound to accept this testimony as conclusive; and, as the court explained, "these tests are merely for the purpose of throwing light upon the testimony of the experts as to the various degrees of heat which can be attained in different methods of mix or by using different degrees of temperature of water. Of course, it is not the purpose of the tests to show that in this particular case the defendant used the particular mixture that is being demonstrated." In view of the explanation of their purpose the tests were not misleading, and the facts shown were relevant to the issues. The admission of evidence of this character is largely within the discretion of the trial court (*Maris* v. *Crummey, Inc.*, 55 Cal. App. 573 [204 Pac. 259]), and in the present case no abuse of discretion is shown.

The motion for nonsuit was properly denied, and the verdict being supported by the evidence, the judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 12, 1928.

All the Justices present concurred.