[Civ. No. 10729. First Appellate District, Division Two.—January 24, 1938.]

W. H. MORRISON, Appellant, v. JOHN WESTON HAVENS, Jr., Respondent.

Cornish & Cornish for Appellant.

Fitzgerald, Abbott & Beardsley for Respondent.

SPENCE, J.—Plaintiff sought declaratory relief. A general demurrer to his complaint was sustained with leave to amend. Upon his failure to amend, judgment of dismissal was entered and from said judgment, plaintiff appeals.

It appears from the complaint that John Weston Havens, deceased (the father of the defendant), was the owner during his lifetime of block 22 of the Shattuck tract in the city of Berkeley. Defendant derived title to said property through the decree of distribution in his father's estate. It was not alleged that plaintiff, or F. W. Bilger, plaintiff's assignor, presented any claim in the probate proceedings and it is conceded on this appeal that no such claim was presented. The complaint was based upon a written instrument alleged to have been executed by John Weston Havens in 1903 in words and figures as follows:

"Berkeley, Cal. Jan. 6th, 1903.

"To whom it may concern, and especially my executor—

"It is agreed that I shall pay out of the sale of Block 22 Shattuck Tract number 5, the macadamizing bill of $617.41 and grading bill of $349.72.

"J. W. HAVENS".

From the prayer of the complaint and the briefs, it appears that plaintiff was seeking to have it declared that said instrument created an equitable lien upon said real property and upon the proceeds of any sale of said property which might be made at any time.

Appellant contends that his complaint stated a cause of action for such declaratory relief and that the trial court erred in sustaining the general demurrer thereto. We find no merit in this contention. The instrument in question mani-

fests no intention to create a lien upon the real property. It appears to be an informal memorandum executed for the purpose of evidencing the personal obligation of the maker. Said obligation was to be paid by the maker or his executor, to whom a claim might be presented, but payment was deferred until the time of sale of the property. At most, it was a mere agreement to pay a debt out of a particular fund, when received, but such an agreement does not create a lien even upon such fund. (*Maier* v. *Freeman*, 112 Cal. 8 [44 Pac. 357, 53 Am. St. Rep. 151] ; 37 Cor. Jur., p. 314, sec. 15; also, p. 318, sec. 21.) ▆▆ Appellant concedes that diligent search has failed to disclose any authority holding that an equitable lien is created under the circumstances before us and we know of none. We conclude that no lien was created and that no action could be maintained upon said claim without first presenting said claim in the probate proceedings. (Prob. Code, sec. 716.) The complaint therefore failed to state a cause of action and the demurrer thereto was properly sustained.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 25, 1938.