[Civ. No. 12717. Second Dist., Div. One. Dec. 9, 1941.]

T. T. ROACH, Appellant, v. MARIAM H. HOSTETTER et al., as Trustees, etc., Respondents.

H. Y. Gibson for Appellant.

Gibson, Dunn & Crutcher and Frederic H. Sturdy for Respondents.

DRAPEAU, J. *pro tem.*—This is an appeal from a judgment rendered by the Superior Court of Los Angeles County, after sustaining a demurrer to the complaint, without leave to amend.

Therefore, we are required to analyze the complaint to ascertain if it does or does not state a cause of action.

The complaint alleges that the plaintiff in 1924 bought certain lots in a recorded tract in the city of Los Angeles from one D. Herbert Hostetter, and that the defendants are testamentary trustees of said Hostetter. The complaint does not say when the said Hostetter departed this life. Then the complaint alleges that the decedent advertised the tract as being subdivided for factories and residence sites, and caused certain restrictions to be placed upon the property; that the plaintiff's property was restricted for use as a factory site; that the decedent represented to the public that he would grade a street running past plaintiff's property; that the decedent would finance the construction of factory buildings and equipment on the tract; and that the decedent agreed to install certain improvements in the tract, and also agreed to commence construction of 750 houses thereon.

It is then alleged that the named defendants, as testamentary trustees, have failed to make the improvements or build the houses mentioned.

It is next alleged that after the death of the decedent and some time in the year 1938 the defendants proposed to the Los Angeles Planning Commission a scheme for re-zoning the tract, which was duly adopted by ordinance of the city of

Los Angeles; that this resulted in re-zoning plaintiff's property from business to residence use. It is finally alleged that the defendant trustees proposed an ordinance to the City Council of the City of Los Angeles which was adopted, re-subdividing a part of the tract and vacating streets which on the original subdivision map permitted plaintiff to have access to his lot; and that said defendants are laying out and improving new streets and alleys in the tract; and that plaintiff was thus prevented free egress and ingress to his lots from Olympic Boulevard.

This appeal has to do with three questions, which will be stated as we come to them.

1. May the plaintiff recover from testamentary trustees for violation of covenants of a decedent relative to real property sold by the decedent in his lifetime?

The complaint contains no allegations of any claim ever having been filed against the estate of decedent. An allegation of the filing of a claim and the rejection thereof is necessary in an action against an estate. (Probate Code, section 716.)

Any claim arising upon contract, whether due, not due, or contingent, must be filed as required by the Probate Code or the same is barred forever. (Probate Code, section 707; *Estate of Grant,* 2 Cal. (2d) 661 [43 Pac. (2d) 266]; *Morrison* v. *Havens,* 24 Cal. App. (2d) 504 [75 Pac. (2d) 515]).

Therefore, we do not think the complaint states any cause of action for any of the alleged unperformed covenants of the decedent.

2. May the plaintiff recover from the defendant trustees because they requested constituted governmental authorities of the city of Los Angeles to re-zone the tract in which plaintiff's property is located?

As was said in *Labozetta* v. *City of Los Angeles,* 34 Cal. App. (2d) 442, 444 [93 Pac. (2d) 571], "It is too well settled to require citation of authority that a municipality is not liable for damage resulting from the exercise of purely governmental activities."

Ordinances of the city of Los Angeles were but the expression of a governmental function of that municipality.

And the leading case of *Miller* v. *Board of Public Works,* 195 Cal. 477, 479 [234 Pac. 381, 38 A. L. R. 1479], holds: "A municipality under the police power delegated to it may

legally establish, as a part of a comprehensive zoning plan, strictly private residential districts from which are excluded and absolutely prohibited general business enterprises, apartments, tenements, and like structures.''

And in *Mott* v. *Cline,* 200 Cal. 434 [253 Pac. 718], at page 446, the court says: ''It is to be presumed that parties contract in contemplation of the inherent right of the state to exercise unhampered the police power that the sovereign always reserves to itself for the protection of peace, safety, health and morals. Its effect cannot be nullified in advance by making contracts inconsistent with its enforcement.''

In actions like this one, sounding in tort, there can be no cause of action stated in a complaint unless a legal duty imposed by statute or otherwise is owing by the defendant to the one injured. (*MacLeod* v. *Fox West Coast T. Corp.,* 10 Cal. (2d) 383 [74 Pac. (2d) 276].)

''In order to constitute an actionable tort, there must be a legal duty—imposed by statute or otherwise—owing by the defendant to the one injured, for in the absence of such a duty any damage caused is injury without wrong—*damnum absque injuria.* (*Wilson* v. *Union Iron Works Drydock Co.,* 167 Cal. 539 [140 Pac. 250]; *Mernin* v. *Cory,* 145 Cal. 573 [79 Pac. 174]; *Smith* v. *Whittier,* 95 Cal. 279 [30 Pac. 529]; *People* v. *Schmitz,* 7 Cal. App. 330, 370 [94 Pac. 407, 15 L. R. A. (N. S.) 717].)'' (*Coleman* v. *California Y. Meeting etc.,* 27 Cal. App. (2d) 579, 582 [81 Pac. (2d) 469]. See also *Palmer* v. *Crafts,* 16 Cal. App. (2d) 370 [60 Pac. (2d) 533].)

There can be no liability *ex delicto* for soliciting or requesting the governing body of a municipality to enact an ordinance, which it has the power to enact, and which it does enact.

3. May the plaintiff recover against the trustee defendants for inducing the city to enact an ordinance re-subdividing the tract referred to in the complaint?

What we have said relative to the defendants' liability for soliciting enactment of the zoning ordinance is also pertinent to this question. Moreover this contention must be resolved against the plaintiff for a further and additional reason.

Covenants running with the land may be imposed upon property to be subdivided and sold, by including in the deeds provisions restricting use of the premises, and conditions

subsequent that a breach of the restrictions will work a forfeiture of the grants. (*Strong* v. *Hancock,* 201 Cal. 530 [258 Pac. 60].)

But "the existence of the covenants claimed cannot be implied from the mere making and filing of a map showing the different subdivisions, nor from the fact that the vendor sold lots in conformity therewith." (9 Cal. Jur. 363, 364; *Wilcox* v. *Varney,* 39 Cal. App. 680 [179 Pac. 705].)

There is no allegation in the complaint that there was any covenant running with the land which would enable the plaintiff to enforce any of the rights which the complaint alleges to have been breached. The most that can be said is that the filing of the map constituted a dedication to the public of the streets and alleys thereon shown. This was recognized by the City Council of the City of Los Angeles when, in the exercise of a governmental power vested in the city, certain of these streets and alleys so dedicated were abandoned by ordinance.

In the absence of an allegation in the complaint of a duty or obligation on the part of the defendant trustees not to re-subdivide, or the allegation of a breach of a covenant running with the land, the mere fact that the defendant trustees solicited and induced the City Council of the City of Los Angeles to vacate and abandon certain streets and alleys, and that this action by the city caused damage to the plaintiff is insufficient to state any cause of action against the defendants.

We conclude therefore that the complaint failed to state a cause of action, and the demurrer thereto was properly sustained.

The judgment is affirmed.

York, P. J., and Doran, J., concurred.