MARTIN *v.* CARBIDE & CARBON CHEMICALS CORPORATION *et al.*

(*Knoxville,* September Term, 1946.)

Opinion filed November 30, 1946.

CHAS. H. DAVIS, of Knoxville, for plaintiff in error.

CLYDE W. KEY, of Knoxville, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This case is before us on a demurrer to the declaration interposed by the defendants, which was sustained by the trial judge, and the plaintiff was appealed in error.

The plaintiff, Dale Irene Martin, filed her two count declaration against the defendant, Carbide and Carbon Chemicals Corporation, and three physicians, P. D. Scofield, Agnes Flack and A. G. Kammer, seeking to recover damages in the sum of $100,000 for personal injuries.

The first count charges that the defendant corporation, as an inducement to its prospective employees, maintained at Oak Ridge a dispensary for their treatment; that it represented that the individuals employed in this dispensary were qualified physicians, whereas one Dr. Murphy, who is not named as a party defendant, and the defendants Scofield and Flack, were not licensed to practice medicine in this State; that plaintiff and the individual defendants were fellow employees in the dispensary, and that she was injured in the course of her employment by slipping and falling on a highly polished floor in the dispensary, sustaining a left femoral hernia; that she submitted herself to an examination by Dr. Murphy, who correctly diagnosed her condition; that the defendants Scofield and Flack disagreed with this diagnosis and found that her condition was due to a sprain of the rectus muscle; and that the defendant Dr. Kammer, the only physician employed in the dispensary who held a Tennessee license, refused to examine the plaintiff.

The gravamen of the cause of action set out in the first count of plaintiff's declaration is not the negligence of the physicians in their diagnosis or treatment, or the negligence of the defendant corporation in the selection of physicians who were in fact disqualified, but it is the absence of a Tennessee license to practice medicine, con-

verting the examination of plaintiff by these physicians into an assault and battery, although she voluntarily submitted to such examination.

The second count of plaintiff's declaration also failed to allege any negligence either on the part of the defendant corporation in selecting physicians who were in fact disqualified, or in the manner in which these physicians examined and treated her, other than the absence of a Tennessee license. The theory of plaintiff is that this absence rendered the defendant corporation and the physicians civilly liable to her, irrespective of the skill in fact possessed and employed by the physicians.

Nowhere in the declaration is there an averment that any of the physicians involved were incompetent in fact, nor is there an averment that any of these physicians were negligent other than the attempt to have the court draw an inference of negligence from the fact that they possessed no Tennessee licenses. We appear to have no Tennessee authorities on this subject.

In *Brown* v. *Shyne,* 242 N. Y. 176, 179, 151 N. E. 197, 198, 44 A. L. R. 1407, the plaintiff recovered a judgment for $10,000 for damages alleged to have been sustained by her at the hands of a chiropractor who was not licensed to practice his profession. In reversing the judgment, the Court said:

". . . Thereafter the trial judge charged the jury that they might bring in a verdict in favor of the plaintiff if they found that the evidence established that the treatment given to the plaintiff was not in accordance with the standards of skill and care which prevail among those treating disease. He then continued:

"'This is a little different from the ordinary malpractice case, and I am going to allow you, if you think proper

under the evidence in the case, to predicate negligence upon another theory. The public health laws of this state prescribe that no person shall practice medicine unless he is licensed so to do by the board of regents of this state and registered pursuant to statute. . . . This statute to which I have referred is a general police regulation. Its violation, and it has been violated by the defendant, is some evidence, more or less cogent, of negligence which you may consider for what it is worth, along with all the other evidence in the case. If the defendant attempted to treat the plaintiff and to adjust the vertebrae in her spine when he did not possess the requisite knowledge and skill as prescribed by the statute to know what was proper and necessary to do under the circumstances, or how to do it, even if he did know what to do, you can find him negligent.'

"In so charging the jury that from the violation of the statute the jury might infer negligence which produced injury to the plaintiff, the trial justice in my opinion erred.

". . . If violation of the statute has no direct bearing on the injury, proof of the violation becomes irrelevant. For injury caused by neglect of duty imposed by the penal law there is civil remedy; but, of course the injury must follow from the neglect."

In *Bute* v. *Potts*, 76 Cal. 304, 18 P. 329, the Court said:

". . . A certificate or diploma could be no proof that he (defendant) acted with skill in attending a given patient, or that he did not so act. His services as to skill or the contrary must be determined by his acts and conduct in attending the patient. It is the manner in which the services are performed that is the test of their character."

In *Janssen* v. *Mulder*, 232 Mich. 183, 205 N. W. 159, it was held that while the failure to comply with a licensing statute might subject a chiropractor to criminal prosecution, such a failure is not sufficient to support a charge of malpractice, but that to sustain such an action, the plaintiff must show that the result complained of was due to negligence or unskilled treatment.

Somewhat analogous is the case of *Smith* v. *Swinehart*, 1917, 209 Ill. App. 175, in which it was held in an action against a dentist to recover for negligent work performed by him and his employee, that evidence whether the employee was licensed was immaterial.

There is no averment in the declaration that the individual defendants did not in fact possess and did not in fact exercise the required degree of care and skill. The whole theory of both counts of the declaration is that the individual defendants were not legally qualified, in that they did not possess Tennessee licenses, and that therefore the mere act of their placing their hands on the plaintiff was unlawful and constituted an assault and battery.

We think the action of the trial judge in sustaining the demurrer was without error and the judgment is affirmed.