52 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SULLAIR CORPORATION, as Plan Administrator of the Sullair
Corporation Retirement Plan, Plaintiff,
v.
Donald C. HOODES, individually and as Beneficiary under the
Sullair Corporation Retirement Plan; Mary Hoodes,
individually and as Alternate Payee under the Sullair
Corporation Retirement Plan; United States of America,
acting up through the Department of the Treasury--Internal
Revenue Service, a/k/a I.R.S., Defendants-Appellees.
The Arthur Kagan Company, Third-party-plaintiff--Intervenor-Appellant.
 No. 93-56608.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1995.*
Decided April 10, 1995.
 
 1
 Before: D.W. NELSON and CANBY, Circuit Judges, and TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Intervenor-Appellant The Arthur Kagan Company ("Kagan") appeals from the district court's denial of its motion to file a third party complaint in the interpleader action by Sullair Corporation to determine the ownership of pension benefits owed to Donald Hoodes by the Sullair Corporation Retirement Fund. Kagan contends that because it performed actuarial services on behalf of Hoodes in relation to these benefits, it has a lien on the pension benefits and should be allowed to assert this interest against the competing claims entered by defendant-appellees the United States and Mary Hoodes. Because Fed.R.Civ.P. 14 only permits existing parties to the suit to file third party complaints, the district court appropriately treated Kagan's complaint as a motion to intervene, which it denied. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 4
 We review de novo the district court's denial of a motion to intervene as of right under Fed.R.Civ.P. 24(a)(2). Yorkshire v. IRS, 26 F.3d 942, 944 (9th Cir.), cert. denied, 115 S.Ct. 487 (1994). We review denial of a Rule 24(b)(2) motion for permissive intervention for abuse of discretion. Beckman Industries, Inc. v. International Ins. Co., 966 F.2d 470, 472 (9th Cir.), cert. denied, 113 S.Ct. 197 (1992).
 
 II.
 
 5
 Under Rule 24(a)(2), a party may intervene in a case if (1) it makes a timely motion; (2) it has an interest relating to the property or transaction which is the subject of the action; (3) the disposition of the action may impair or impede the applicant's ability to protect that interest; and (4) its interest is not adequately represented by the existing parties in the suit. Yorkshire, 26 F.3d at 944; Greene v. United States, 996 F.2d 973, 976 (9th Cir.1993). We construe these requirements broadly in favor of applicants for intervention. Yorkshire, 26 F.3d at 944.
 
 
 6
 We hold that the district court properly denied Kagan's motion for intervention because Kagan has no interest in the subject matter of the interpleader action. In order to satisfy the second requirement for intervention, Kagan must show a "significantly protectable interest." Greene, 996 F.2d at 976. Kagan's assertion that it has an oral lien on the pension benefits is meritless.
 
 
 7
 Whether Kagan has a lien interest in property is a matter of state law. See United States v. 1980 Lear Jet, 38 F.2d 398, 402 (9th Cir.1994). Under California law, an agreement between two parties creates a lien if the parties jointly manifested an intention to create a security interest in the property. Isrin v. Superior Court, 403 P.2d 728, 731 (Cal.1965); Grappo v. Coventry Financial Corp., 235 Cal.App.3d 496, 509-10, 286 Cal.Rptr. 714, 722 (Ct.App.1991); Bluxome Street Assocs. v. Woods, 206 Cal.App.3d 1149, 1153, 254 Cal.Rptr. 198, 200 (Ct.App.1988).
 
 
 8
 In the present case, Kagan bases its claim on the uncorroborated assertions that Hoodes told Kagan representatives that "payment for services was forthcoming," and that Hoodes stated that the actuarial fees owed to Kagan would be paid from the Sullair Corporation Retirement Plan benefits. However, it is clearly settled law that even an explicit statement that payment of a debt would come from a particular fund does not establish a lien on that fund, absent other indications of intent to create a security interest. See Bartlett v. Pacific Nat'l Bank, 244 P.2d 91, 95 (Cal.Ct.App.1952); Morrison v. Havens, 24 Cal.App.2d 504, 505-06 (Ct.App.1938) (holding that a written agreement to pay bills out of the proceeds from the sale of land did not create a lien). Thus, the alleged statements and Kagan's subjective assumption that he had a lien are insufficient to establish the requisite interest. See Grappo, 286 Cal.Rptr. at 722 (finding no lien "based solely on appellant's claim that he thought his advances of construction funds would give him [a security] interest"); Norman v. Berney, 235 Cal.App.2d 424, 432-33, 45 Cal.Rptr. 467, 473 (Ct.App.1965). Accordingly, we hold that the motion to intervene as a matter of right was properly denied.
 
 III.
 
 9
 Even if we construe Kagan's motion as one for permissive intervention under Fed.R.Civ.P. 24(b)(2), the district court properly denied the motion. A court may permit intervention under Rule 24(b)(2) where (1) the movant shows an independent grounds for jurisdiction; (2) the motion is timely; and (3) the movant's claim and the main action have a common question of law or fact. Greene, 996 F.2d at 978. Since Kagan has no cognizable interest in the pension benefits, the interpleader case involves no legal or factual issues that would impact Kagan's interests. See Spangler v. Pasadena City Bd. of Educ., 552 F.2d 1326, 1329 (9th Cir.1977) (stating that the court should also consider "the nature and extent of the intervenors' interest"). Accordingly, we hold that the district court did not abuse its discretion in denying the motion.
 
 Conclusion
 
 10
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3