[Civ. No. 7304. First Appellate District, Division Two.—February 13, 1931.]

NELLIE M. TUCKER, Administratrix, etc., Respondent, v. THE CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation) et al., Appellants.

John J. O'Toole, City Attorney, Henry Heidelberg, Deputy City Attorney, and Hadsell, Sweet & Ingalls for Appellants.

Robert H. Borland, Charles Josef Carey, Henry & Bedeau and G. W. Bedeau for Respondent.

STURTEVANT, J.—This is an appeal from the judgment awarding damages for death of the plaintiff's husband. The plaintiff and her husband at about 10 o'clock at night January 13, 1928, alighted from the front end of a westbound municipal street-car at the safety station at Ocean Avenue opposite Cedro Avenue in San Francisco. To what extent that neighborhood is populated the record does not disclose nor does it disclose ordinary traffic conditions. The diagram brought up as a part of the record on appeal shows a light opposite the west end of the safety station. It shows another one on the south side of Ocean Avenue about seventy feet west from the western property line of Cedro Avenue. These lights were forty-four candlepower. The streets in that part of the city are laid out in curves. The ground is hilly and the streets are on grades up and down. On the night of the accident it was very dark. A storm of heavy wind and rain was taking place. Both Mr. and Mrs. Tucker were dressed in dark clothing. When they alighted from the street-car Mrs. Tucker raised an umbrella. She testified that when the street-car passed on she and her husband crossed directly to the southern sidewalk on Ocean Avenue. If they did so that course would take them within the bounds of the cross-walk. Other witnesses testified that both Mr. and Mrs. Tucker were in the street some distance east of the cross-walk. As they were crossing the street Mrs. Tucker testified that her husband was at her right and slightly behind her. Just before they reached the southern side of Ocean Avenue the defendant Frank Lambertson and two other men were driving east on Ocean Avenue. They were in an automobile and Lambertson was driving. It is an admitted fact that Lambertson's car struck Mrs. Tucker and that she fell over in the street but this action is not maintained for injury to her. Seeing that he had hit a woman Lambertson turned to his left, describing almost a complete circle, crossed the street-car tracks, and returning, parked in the intersection of the two avenues and went to the assistance of the plaintiff. After Lambertson and his companions got out of their automobile they saw the body of a man lying on his back across the rails of the east-bound street-car tracks. Before the body could be removed a street-car came from the west and ran over the body which was the body of the plaintiff's husband. In her complaint the plaintiff named as de-

fendants Frank Lambertson, the owner of the automobile, the City of San Francisco, and W. F. Croteau, the motorman. The jury returned a verdict against all of the defendants and all of them have appealed bringing up one transcript but two sets of briefs.

Appeal by Lambertson. The defendant claims the court erred in denying his motion for nonsuit and his motion for a directed verdict because there was no evidence in the record establishing any negligence on the part of this defendant. The respondent replies that there is. She calls to our attention the following facts. The night was very dark. It was storming quite heavily and Lambertson's windshield was so covered with water that he could see through only a little space immediately in front of him and could not see to his right or left. Notwithstanding these facts he proceeded to drive forward at a speed of from fifteen to twenty miles an hour and at the time of the accident his right wheels were approximately eight feet from the curb line and about the same distance from the nearest street-car track. Driving in that manner he did not see the plaintiff until he was within four feet of her, whereupon he swerved to the left but his right fender struck her and knocked her down. The decedent he did not see at all. Having called our attention to these facts the respondent asserts that there was evidence to take the case to the jury and she relies on the rule which is succinctly stated in *Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335, at page 340 [208 Pac. 125, 127]: ''So, therefore, even though the statutory limitation of speed has not been exceeded, the rate of speed at which an automobile may be traveling may be held under some circumstances to be negligent. That is to say, the operator of an automobile is not necessarily exempt from liability for injuries to other persons occurring in a public street by showing simply that at the time of the accident he was running at a rate of speed allowed by law. He still remains bound to anticipate that he may meet persons at any point of the street, and he must in order to avoid a charge of negligence, keep a proper lookout for them and keep his machine under such control as will enable him to avoid a collision with another person using proper care and caution, and if the situation requires he must slow up and stop.'' We think the rule is applicable to the facts and that the point may not be sustained.

■ The defendant also claims that there is no evidence in the record showing that the defendant's automobile ever came in contact with the deceased. That point involves a consideration of the conditions existing at the time and place. When the west-bound street-car moved on, so far as the record discloses, there was no traffic and there were no obstructions in the immediate neighborhood of the accident. Mr. Owen who was riding with the defendant testified that he saw Mrs. Tucker hit by the defendant's right-hand headlight. He first saw her just a flash of a second before that. He was seated on the front seat on the right-hand side of the defendant. When he saw Mrs. Tucker he also saw a faint outline of a man who seemed to be standing by the car track. The defendant's automobile at that time was about midway between the car track and the curb. The witness marked on the map the spot where he saw the man. That spot is almost directly opposite the place where Mrs. Tucker lay after she fell to the street. When the street-car hit it, Mr. Tucker's body rested on the street-car track some distance east of that point. The distance given by different witnesses varied. In view of the fact that Mr. Tucker was walking so close to his wife as testified to by her and as seen by Mr. Owen, the jury was justified in drawing the inference that Mr. Tucker was also hit by the defendant's automobile. As no intervening cause appears in the story told by the witnesses the jury was justified in inferring that after being hit by the automobile the decedent fell over on the automobile and was by it carried forward and fell off on the street-car tracks. While the body rested on the street-car track it was motionless. ■ Whether death had occurred we need not stop to inquire. Before the body could be removed from the track it was run over and mangled by the street-car. Assuming that death had not ensued at the time the street-car ran over and mangled the body of the decedent the jury was within its rights in bringing in a verdict against the defendant. (19 Cal. Jur., pp. 570–573; *Sawyer* v. *Southern California Gas Co.*, 206 Cal. 366 [274 Pac. 544].) ■ The defendant claims that the decedent at the time of the accident was violating Ordinance 7691, New Series. That ordinance prohibits jaywalking. That claim was presented by evidence tendered by the defendant and by the instructions given by the trial court. The evi-

dence on the subject is conflicting. Mrs. Tucker testified that when she and her husband got off the car they waited for the car to pass, that thereafter they walked directly to the sidewalk on the south side of Ocean Avenue. If they did so they were not guilty of jaywalking. In support of the judgment we must assume that the jury adopted the story as told by Mrs. Tucker and rejected the measurements as given by some of the other witnesses. Under these circumstances the point may not be sustained.

The defendant further claims that as Mrs. Tucker is the sole heir of her deceased husband and as she was personally guilty of contributory negligence, which was a proximate cause of the death of her husband, therefore she may not recover. However, as we have just stated, the record does not show that the husband was guilty of contributory negligence. For the same reasons set forth above, it does not show that Mrs. Tucker was guilty of contributory negligence.

■ The defendant complains because the court did not give certain instructions. The defendant's proposed instruction No. 8 assumed that Mrs. Tucker with her umbrella raised blanketed the view of the decedent. But the uncontradicted evidence is that he was between her and the oncoming automobile. Defendant's proposed instruction No. 10 was addressed to the subject of the defendant's acts when confronted with imminent danger. That subject was covered by instruction 109. Furthermore defendant's proposed instructions 8, 10 and 11 were all formula instructions, but no one of them purported to state all of the facts. The trial court did not err in refusing to give any one of them. (*Douglas* v. *Southern Pac. Co.*, 203 Cal. 390 [264 Pac. 237].)

■ Appeal of Croteau and of the City. These two defendants assert that they were not negligent and that the verdict of the jury is not supported by the evidence. The plaintiff replies that the street-car was not equipped with proper headlights so the motorman could see the track in front of him. He testified that he could not. To this reply these defendants quote section 9 of Ordinance 581 and assert that the headlight on the car complied with that ordinance. However, it is conceded that a person operating a street-car must keep a lookout. Although his equipment may be such as complies with legal regulations nevertheless the operator is bound to keep a vigilant outlook. (36 Cyc. 1460.)

Although his lights may conform with the calls of the statute such fact is not conclusive that there was no negligence. (45 C. J. 689.) These defendants ask us to hold that, if the car was equipped with a light complying with all of the calls of the ordinance mentioned, and, if at the time and place of the accident by reason of some other circumstance or circumstances the motorman could not see the track before him, nevertheless he was entitled to proceed through a populous district without exercising any additional care. By its verdict the jury has found the issue of negligence against these defendants. On the facts before us we are not disposed to say that it erred in doing so. ██ The plaintiff contends that, when the deceased was seen standing by the street-car track, manifestly he was alive. Therefore she contends that the presumption of law (Code Civ. Proc., sec. 1963, subd. 32) comes to her assistance and that it will be presumed her husband continued to live until the street-car ran over him. But, in almost the same breath that the foregoing testimony was developed, evidence came into the record that the decedent was, almost immediately thereafter, hit by an automobile, that he fell on its fender, that he was carried about seventy-five feet, and that his body was then dropped on the street-car track, and that, for several seconds before the street-car reached that point, his body lay on the track inert and motionless. In view of these additional facts we are not called upon to say whether the presumption cited, continued or was dispelled. Out of the same set of facts certain inferences may be drawn. Reasonable men contemplating the facts recited might draw different inferences. One man might reach the conclusion that Mr. Tucker was dead before the street-car ran over him. Another man might reach the conclusion that he was not dead and that the street-car ran over and killed him. The jury was thus called upon to select one inference or the other. These two defendants earnestly contend that under such circumstances the evidence is insufficient and they cite and rely on such authorities as *Wilbur* v. *Emergency Hospital Assn.*, 27 Cal. App. 751 [151 Pac. 155], and the cases there cited and reviewed. ██ Those authorities are hardly in point. They deal with instances where one sought to build one inference on another inference. Of course our statute does not permit of such reasoning. (Code Civ. Proc., sec. 1960.) We think that the rule applicable

in the instant case is to be found in *Mah See* v. *North American Acc. Ins. Co.*, 190 Cal. 421 [26 A. L. R. 123, 213 Pac. 42]. At page 426 of 190 Cal., the court said: "This court has frequently held that even though all the facts are admitted or uncontradicted, nevertheless, if it appears that either one of two inferences may fairly and reasonably be deduced from those facts, there still remains in the case a question of fact to be determined by the jury (or by the trial judge where the case is tried without a jury), and that the verdict of the jury or the finding of the trial judge thereon cannot be set aside by this court on the ground that it is not sustained by the evidence. (*Anderson* v. *Los Angeles Transfer Co.*, 170 Cal. 66 [148 Pac. 212].) In so far as the evidence is subject to opposing inferences, it must upon a review thereof be regarded in the light most favorable to the support of the judgment (*Woodard* v. *Glenwood Lumber Co.*, 171 Cal. 513, 519, 520 [153 Pac. 951]; *Hassell* v. *Bunge*, 167 Cal. 365, 367 [139 Pac. 800]). 'In reviewing a question of this kind, all the inferences reasonably possible from the evidence favorable to the plaintiff (the prevailing party) must be indulged by this court.' (*Bandle* v. *Commercial Bank of Los Angeles*, 178 Cal. 546, 547 [174 Pac. 44, 45].)" The rule there stated was repeated by the Supreme Court in denying a transfer in the proceeding entitled *Estate of Wallace*, 64 Cal. App. 107, 117 [220 Pac. 682]. See, also, *Ley* v. *Bishopp*, 88 Cal. App. 313 [263 Pac. 369]; *Giannini* v. *Southern Pac. Co.*, 98 Cal. App. 126 [276 Pac. 618]. Following the rule stated in the cases last cited in support of the judgment we must assume that the jury drew the inference that Mr. Tucker was not dead at the time the street-car passed over his body.

As to each and all of the defendants the judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 14, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 13, 1931.