[Civ. No. 8027. First Appellate District, Division Two.—May 10, 1932.]

BENIGNO DI VITA, Appellant, v. RODI MARTINELLI et al., Respondents.

Elmer P. Delany for Appellant.

Myrick & Deering and Scott for Respondents.

STURTEVANT, J.—The plaintiff sued to recover damages for personal injuries. At the end of the plaintiff's case each defendant separately moved for a nonsuit; the motions were granted and from the orders of nonsuit and the judgments entered thereon the plaintiff has appealed.

On the first day of March, 1930, the plaintiff was standing on the sidewalk near the curb on the south side of a telephone pole which is located at the southeast corner of the intersection of San Bruno Avenue and Twenty-fifth Street in San Francisco. At the same time an automobile owned by Rodi Martinelli and his brother was standing in the street parallel to the curb a short distance to the south of where the plaintiff stood. Rodi Martinelli, Selma St. Louis and another young lady, had driven to that spot and stopped. Mr. Martinelli's uncle occupied the house immediately east of where the car was parked. When the party arrived Mr. Martinelli stopped the car, and, leaving the young ladies in it, he went into the house. Afterward he came out, passed around to the left-hand side of the car out in the street, and stood there putting on his overcoat. While he was so engaged the plaintiff stood by the telephone pole. Martinelli saw him and the position he occupied. The plaintiff was resting his right shoulder against the pole and was facing out into the street. About the time that Mr. Martinelli started to put on his overcoat there is some evidence that he said, "Let's go." About that time Miss St. Louis reached to her left and turned on the ignition. Mr. Martinelli stood by the left running-board, saw her do so, and said nothing. Soon thereafter she stepped on the starter. As she did so the automobile went forward and caught and bruised the plaintiff's right leg on the inside above the ankle.

From time to time before the date of the accident Miss St. Louis had ridden in the automobile with Mr. Martinelli and he had given her instructions regarding the operating of the automobile; but as yet she had not obtained a license.

The plaintiff testified that before the machine started forward no horn was blown. He also testified that he stood on the sidewalk looking at the machine and that he saw the machine start forward, but it did so in a jump and caught him before he could get out of the way. He did not see whether Miss St. Louis started the machine or the other girl started it.

Prior to the date of the trial Miss St. Louis and Mr. Martinelli had been married. As Mrs. Martinelli the young lady was called as a witness under section 2055 of the Code

of Civil Procedure. She testified that just before the machine started she turned on the ignition; she then stepped on the starter and the car lurched forward suddenly and came in contact with Mr. Di Vita. At other times during the six months preceding the accident, in the presence of Mr. Martinelli, she had turned on the ignition and had stepped on the starter. On such occasions he never said, .''Don't do it,'' and he never asked her to do those things. She just did them of her own accord. Shortly prior to the accident and while Mr. Martinelli was in the car she had driven the machine. At the time of the accident she was familiar with the gear shift of that automobile. She knew that there were three shifts forward and one reverse. She knew that if the engine was running and the gear was placed in first or reverse that the car would start. When they drove up to the corner where the car was parked Mr. Martinelli was driving, but the witness did not recall whether at the time he stopped the car was left in gear. At the time she turned on the ignition she did not notice whether the car was in gear. But she knew that before starting the engine you should first see if the car is in gear.

Before proceeding to discuss separately each order made by the trial court, it will be noted that from the evidence introduced the only debatable question was as to who was responsible. The uncontradicted evidence showed that the automobile was owned by Rodi Martinelli and his brother. The evidence does not disclose the name of the brother and he was not made a party. Rodi Martinelli and Selma St. Louis were made defendants and both were charged with responsibility. On March 1, 1930, both were minors.

■ There is evidence that prior to March 1, 1930, Selma St. Louis had been and at the time of the accident she was still engaged in learning how to drive the automobile and was acting under the direction and supervision of the defendant, Rodi Martinelli, and was acting as his chauffeur. (Civ. Code, sec. 1975.) If so, as the record stood when the motion was made, both Rodi Martinelli and Selma St. Louis might have been held severally or jointly liable. (*Weddle* v. *Heath*, 211 Cal. 445, 455 [295 Pac. 832].) Taking another view of the record, there was some evidence that both of said persons were on a joint adventure at the time of the accident. If so, under that aspect, both par-

ties could be held jointly liable for the tort. (33 C. J. 873.) Whether they were jointly liable, severally liable, or not liable, depended upon the evidence direct and indirect as to what relation existed between the two at the time of the accident, and also upon the exact facts as to what occurred at the time of the accident. All of these questions were to be determined by the jury after all of the evidence had been introduced. ██ Be the relations between Rodi Martinelli and Selma St. Louis whatever they may have been, both owed to the plaintiff the duty of exercising ordinary care not to injure him. He was not concerned with the question as to whether they were partners, master and servant, or independent principals. Taking any view of the record that we may take, it may be said that at the time the motions were granted the plaintiff had made a *prima facie* case and that it cannot be said the evidence was wholly insufficient to carry the case to the jury.

The accident happened in the immediate presence of Rodi Martinelli. Whether he be considered as the owner, and/or operator, and/or master, he was in full control and a slight movement on his part, or a word on his part, would have prevented any movement of the automobile. Knowing the plaintiff's position standing in front, knowing what he knew about the inexperience of Selma St. Louis in operating the car, and seeing what she did in starting the ignition and the starter, the question arose: Did he exercise proper care? Of course, that question was also for the jury.

From what we have said it follows that neither motion should have been granted. The orders and judgments are therefore reversed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 9, 1932, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 7, 1932.