[Civ. No. 8100.  First Appellate District, Division One.—August 27, 1932.]

C.  MUSANTE, Respondent, v.  OTTARIO  GUERRINI, Defendant; MRS. D. O. RYAN, Appellant.

Myrick & Deering and Scott for Appellant.

Ingemar E. Hoberg and Joseph Anderson for Respondent.

BEAUMONT, J., *pro tem.*—On December 2, 1928, C. Musante was riding in an automobile driven by Ottario Guerrini in a westerly direction on a public highway in Alameda County. Mrs. D. O. Ryan, at the same time, was driving an automobile in the opposite direction on the same highway. As the two machines approached each other, that driven by Mrs. Ryan swerved to the northerly side of the road and collided with that operated by Guerrini. Musante was injured. He brought suit against Guerrini and Mrs. Ryan, and a verdict was rendered in his favor against the latter only. Mrs. Ryan has appealed from the judgment on the grounds of insufficiency of the evidence and errors of the court in giving certain instructions.

Appellant contends that the charge of negligence can be predicated only upon the skidding of the automobile to the northerly (wrong) side of the road, and that this was not evidence of negligence. In our opinion there is no basis for thus attempting to narrow the view the jury was entitled to take of the evidence or the scope this court has of the issue of negligence in considering the appeal. A person may not shield himself against a charge of negligence merely by showing that an automobile operated by him was temporarily beyond his control due to its skidding, if the skidding was the direct result of his own act of negligence. Respondent alleges in general terms in his complaint that appellant was negligent in the operation of her automobile and that he was injured as a result. It was proper then to consider the circumstances antecedent to the skidding, as well as the skidding itself, to determine whether or not appellant was negligent as alleged. (*Davis* v. *Brown*, 92 Cal. App. 20 [267 Pac. 754]; *Sullivan* v. *Lutz*, 181 Wis. 61 [194 N. W. 25].) This is not a case where an automobile comes suddenly and unexpectedly upon a slippery surface. The evidence discloses that the condition which existed at the moment of the skidding had prevailed during the time appellant had traveled at least five or six miles immediately prior thereto.

The evidence shows that while appellant was operating her car along the highway at the time and place in question, it was raining and that the surface of the road was wet and slippery; that at the time of the collision, rain had been falling about an hour and a half; that there was traffic in each direction on the highway. Appellant testified she was driving at a speed of between twenty-five and thirty miles an hour; that she was following another automobile; that in driving along the highway she had kept at a distance of about three car-lengths (about forty-eight feet) behind such car; that while she was so traveling the car in front stopped suddenly, and, to avoid striking it, she immediately applied her brakes. This caused appellant's machine to skid to the wrong side of the road, in front of the approaching car of Guerrini. Appellant testified relative to the condition of the surface of the road as follows: "Q. Can you recall whether the pavement was wet and slippery all the way from San Francisco? A. I don't know about the entire distance. Q. Had it been for a number of miles prior to the accident? A. For a little ways before, but I could not say about the entire distance." Dennis Ryan, husband of appellant, was riding beside his wife, who was driving. He testified in part as follows: "Q. What was the condition of the traffic, Mr. Ryan? A. It was very heavy—Sunday evening—and lots of cars on the road. . . . Q. Were there any cars immediately in front of yours? A. Several of them. Q. Any cars immediately behind yours? A. Several. Q. About what was the distance between your automobile and the car immediately preceding you? A. In front of us? Q. Yes. A. About three car-lengths or a little better maybe. Q. For what distance were you traveling along before the accident in that position? A. Well, at least five or six miles. . . . Q. What is the make-up generally, of the road? A. It is cement surfaced on the road and oil— Q. Between the shoulders what is the character of the pavement? Some kind of oil covering the cement. Q. Commonly called asphaltum? A. I think that is what it is. Q. What is the condition of the highway immediately touching the shoulder of the road? A. Mud and soft dirt. There are ditches on both sides." Guerrini testified that he was driving on his right-hand side of the highway; that he saw the car traveling immediately ahead of appellant, and

that this automobile had just passed appellant's car; that it was traveling at about forty miles an hour, and that it did not slow down or stop; that after the collision he talked with appellant, saying, " 'See what you did to me now' "; that she replied: " 'That is my blame and you are a good man and you are going very well otherwise somebody is going to be killed.' " Respondent testified he did not see appellant's car until just before the impact, when it suddenly appeared directly in front of Guerrini's car on the northerly side of the highway.

■ Appellant contends that the record contains no evidence of negligence on her part; that, as stated in her brief on appeal, "Appellant's action in applying the brakes and causing the skidding of her car was not negligent because of the fact that she was confronted with an emergency in the sudden stopping of the automobile immediately preceding her." Appellant cites authority to the effect that " 'one who, without negligence on his part, is suddenly confronted with imminent danger or seeming imminent danger is not required to exercise that degree of care and skill which is required in the commission of an act after careful deliberation' ". Was there an "emergency" confronting appellant? There was a variance in the testimony as to the circumstances existing immediately prior to the collision. Appellant claimed that the emergency arose because of the sudden stopping of the car immediately in front of her. Guerrini's testimony was that the car did not stop. In view of the conflict of evidence, the question whether appellant was faced with imminent danger or seeming imminent danger was for the jury to decide. (*Millers Creek R. Co.* v. *Barnett,* 159 Ky. 344 [167 S. W. 402].)

■ Under the evidence herein the jury, in determining the question of negligence, had a right to consider the speed at which appellant was operating her automobile at the time and place in question. Was she driving at a careful and prudent speed, having due regard to the traffic, surface and width of the highway? (Sec. 113, subd. (a), California Vehicle Act.) The rate of speed at which a motor vehicle is operated is not alone determinative of whether such vehicle is being driven at a careful and prudent speed. (*Dam* v. *Bond,* 80 Cal. App. 342 [251 Pac. 818]; *Armstrong* v. *Day,* 103 Cal. App. 465, 471 [284 Pac. 1083].) If, under the con-

ditions disclosed by the evidence herein, while driving at a rate of between twenty-five and thirty miles an hour, appellant's car was, upon application of the brakes, reasonably likely to skid and as a result collide with cars of persons lawfully using the same highway, then the jury would be justified in finding that appellant was not driving at a careful and prudent speed, but that such speed was greater than was reasonable and proper, and consequently in violation of the California Vehicle Act. (*Davis* v. *Brown, supra.*) The implied finding of the jury that appellant was negligently operating her car is amply supported by the evidence, and will not be disturbed.

Appellant complains that the instructions do not properly present to the jury the law regarding proof of negligence, under the testimony. She criticises instruction XVIII in this respect, claiming, as stated in her brief, she "was entitled to have the jury consider the reasons why her automobile skidded as it did". The instruction thus complained of states, in effect, that driving an automobile in violation of the California Vehicle Act is negligence, and that if such negligence proximately causes injury, and if the plaintiff is not contributorily negligent, plaintiff without further proof of negligence may recover. Appellant vigorously argues that such instruction directs the jury that if they find Mrs. Ryan was on the wrong side of the highway, they must render a verdict against her without considering the "facts and circumstances" which caused her to be in such position, and these, she contends, are that she "was faced with an emergency necessitating the sudden stopping of her automobile". The court in other instructions given at the request of appellant fully and clearly instructed the jury upon the very point of which appellant now complains, to wit, the skidding of her automobile and her acts in an emergency, provided such emergency existed. The instructions are to be construed as a whole. There was no error in the giving of this instruction. (*Leiner* v. *Eng-Skell*, 104 Cal. App. 228 [285 Pac. 905].)

Appellant complains of instructions XIX and XX as being ambiguous and misleading. We find no merit in this contention when these instructions are considered with the other instructions of the court. Instructions XIX and XX

are inartistically worded, but a judgment will not be reversed because of inartificiality of instructions.

Instruction XXII is as follows: "If you find that both parties were negligent and that their negligence proximately contributed to any injury sustained by plaintiff, then you are not to compare their negligence or determine which was more negligent or which contributed most to the injury, since both would be then jointly and severally liable and the plaintiff could recover against either one of them, provided, of course, he was free from contributory negligence." An instruction substantially the same as the foregoing has been held to be erroneous. (*Crabbe* v. *Rhoades*, 101 Cal. App. 503 [282 Pac. 503].) If the jury found that the negligence of both drivers proximately caused injury to respondent, then it should have rendered a verdict against both defendants. (*Crabbe* v. *Rhoades, supra.*)

Instruction XXIII is also attacked. It is as follows: "Each of the defendants should receive separate consideration at your hands, and if you find that Mr. Guerrini was not at fault you should return a verdict in his favor irrespective of the verdict that you return against Mrs. Ryan." Appellant contends that the jury was by this instruction directed to return a verdict against her. At the request of appellant, the court instructed the jury: "If you find from the evidence that Mrs. Ryan was not at fault, you must return a verdict in her favor, irrespective of the verdict that you return against Mr. Guerrini." We are of the opinion that appellant is not in a position to complain of the giving of the instruction. In *Varley* v. *Columbia Taxicab Co.*, (Mo.) 240 S. W. 218, 221, the court in discussing an instruction that was attacked because it did not comport with the petition as to the rate of speed under consideration, said: "As to this defendant it will suffice to say that we find in its instruction No. 4 the same rate of speed mentioned. It asked an instruction against its co-defendant bottomed upon the speed ordinance, and phrased it just as plaintiff phrased his instruction. So defendant Columbia Taxicab Company is in no position to urge this as error. Its instruction invited the error, if one there was." Without regard to whether or not this instruction comes within the invited-error rule, we believe there was no prejudicial error. In other instructions the court stated it was the jury's duty, unaided by any sug-

gestion of the court, to pass upon all questions of fact; that the jury was to understand that the court in no manner expressed, or desired to express, an opinion that any disputed fact had been or had not been proved; that with the questions of fact the court had nothing to do, and that such matters the jury should determine for themselves. It was further instructed, at appellant's request, that unless the liability of appellant was established by a preponderance of the evidence, the verdict of the jury should be in favor of appellant. These instructions, and others of a general nature not referred to herein, when construed with the first two mentioned in this paragraph, can be said only to instruct the jury that each defendant was to receive separate consideration at the hands of the jury; and it cannot be fairly said that the jury was instructed to render a verdict *against* Mrs. Ryan.

The court gave the jury fifty-three instructions. The charge covered all points upon which appellant requested instruction. One of the instructions has been determined erroneous. Others complained of, when considered with the charge as a whole, properly advised the jury upon the matters contained therein. Examining the entire case, including the evidence, we are of the opinion that there was no miscarriage of justice. (Art. VI, sec. 4½, Const.)

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 26, 1932.