[Civ. No. 9796. Second Appellate District, Division One.—November 14, 1935.]

RALPH R. RAYMER, Appellant, v. J. F. H. VANDEN-BERGH, Respondent.

George Clark and Karl W. Marks for Appellant.

Paul Nourse and Forrest A. Betts for Respondent.

EDMONDS, J., *pro tem.*—Plaintiff brought this action for personal injuries suffered in an automobile accident. The defendant denied that he was negligent. The court found that the collision between the automobiles in which the parties were driving was not caused by any negligence, act or omission of the defendant. Plaintiff appeals from the judgment subsequently entered and from the order denying a new trial.

The facts are undisputed. The accident happened on a rainy night. Appellant and respondent were each driving an automobile in opposite directions on a paved highway. Appellant was traveling about 25 miles per hour; respondent at between 35 and 40 miles per hour. Appellant was traveling a short distance behind another car proceeding in the same direction, and in his own language, ''the first thing I noticed was that car kind of wiggled a little bit like it was dodging something, and the next thing it was just a bang of the car that hit mine, this other car—Mr. Vandenbergh's car''.

Respondent testified that as he was driving along the boulevard his car ''was working in, you might say, perfect order until . . . for some reason unknown to me the car began to skid''. He explained the efforts he made to steer his car out of the path of the oncoming cars and at what point he applied the brakes. His car skidded for approximately a city block before it struck the automobile driven by appellant, and it continued to skid for some distance thereafter.

Appellant's contention is that these facts show that the accident was caused solely by the negligence of respondent by reason of his failure to operate his automobile at a speed reasonable and proper under the circumstances, and that

applying the doctrine of *res ipsa loquitur,* the findings in favor of respondent cannot be sustained. ■ However, the doctrine of *res ipsa loquitur* does not give a plaintiff an absolute right to judgment. It merely establishes a *prima facie* case. The subject is exhaustively discussed in *Michener* v. *Hutton,* 203 Cal. 604 [265 Pac. 238, 59 A. L. R. 480], where the court said: "In *Kahn* v. *Triest-Rosenberg Cap Co.,* 139 Cal. 340, 345 [73 Pac. 164, 166], it is declared: 'The negligence could have been established by direct proof of some act which, in its nature, was negligent, or it could have been established, as it was established, *prima facie,* by the mere proof of the happening of the accident and the circumstances surrounding it, from which the presumption of negligence arose. This presumption is itself evidence in the case, and it does not change the rule as to the burden of proof. It is merely the evidence by which the plaintiffs undertook to establish the fact which they were bound to prove. It still remained the law that, upon the whole evidence, the plaintiffs must have the preponderance in order to succeed.' . . . It is apparent from these latter authorities that it is for the jury, or the court when sitting without a jury, to determine from all the evidence in the case whether the defendant has successfully met and rebutted the *prima facie* case made out by the plaintiff in an action wherein the mere proof of the happening of the accident and the circumstances surrounding it give rise to an inference of negligence. That the inference of negligence created by the application of the doctrine of *res ipsa loquitur* constitutes evidence which may not be disregarded by the jury, but is to be weighed and considered as against the evidence adduced by the defendant in rebuttal thereof, has been announced in numerous cases."

■ The respondent in the case at bar testified in detail concerning the length of time he had been driving on the night in question; the condition of the car in general and of his brakes in particular; when his brakes had last been examined; the condition of his tires; the visibility; the rate of speed he was traveling; the condition of the highway; and other details of the condition of his car and his operation of it. This was evidence to be weighed and considered by the trial court as against the presumption arising from the facts presented by appellant. It is therefore apparent

that the issue in this case is one of fact which was determined adversely by the trial court upon substantial evidence.

This is the conclusion which was reached in the case of *Musante* v. *Guerrini*, 125 Cal. App. 556 [13 Pac. (2d) 965], upon which appellant relies and which arose out of an accident caused by skidding. · The court said: ''A person may not shield himself against a charge of negligence merely by showing that an automobile operated by him was temporarily beyond his control due to its skidding, if the skidding was the direct result of his own act of negligence. Respondent alleges in general terms in his complaint that appellant was negligent in the operation of her automobile and that he was injured as a result. It was proper then to consider the circumstances antecedent to the skidding, as well as the skidding itself, to determine whether or not appellant was negligent as alleged.'' ▆▆▆ This court must assume that the trial judge in the case before us considered ''the circumstances antecedent to the skidding as well as the skidding itself'' and that he found upon the whole evidence respondent was not negligent. That determination is absolutely controlling upon this court. (*Estate of Moore*, 162 Cal. 324 [122 Pac. 844]; *Tucker* v. *San Francisco*, 111 Cal. App. 720 [296 Pac. 101].)

The judgment is affirmed, and as no appeal lies from an order denying a new trial, that appeal is dismissed.

Houser, P. J., and Doran, J., concurred.