[Civ. No. 10066. First Appellate District, Division One.—November 20, 1936.]

SOPHIA HAMMER, Respondent, v. FRANK H. BORING, Appellant.

Kirkbride & Wilson for Appellant.

J. E. McCurdy and William H. Metson for Respondent.

JAMISON, J., *pro tem.*—This action was brought by plaintiff against defendant to recover damages for injuries suffered when struck by defendant's automobile. The jury returned a verdict for plaintiff; defendant moved for a new trial, and his motion being denied, he prosecutes this appeal.

Appellant urges three grounds for reversal: That the evidence is insufficient to support the verdict; that the evidence fails to show negligence on the part of appellant; and contributory negligence on the part of the respondent.

There is an irreconcilable conflict of the evidence in this case. The accident occurred about 7:15 P. M. on San Mateo Drive, which is the principal thoroughfare of the city of San Mateo, at a point where it is intersected by Poplar Avenue. At the southeast corner of this intersection there was an electric light of 250 candlepower, which was lighted at the time of the accident. There is a crosswalk or pedestrian lane across San Mateo Drive at the intersection of Poplar Avenue. Respondent testified that she got off of a bus near said intersection and proceeded to cross said intersection from east to west in said pedestrian lane; that before doing so she looked up and down said drive and saw two automobiles coming north on said drive, one of which was half a block distant, and the other nearer; and she saw the appellant's automobile coming south on said drive some 350 feet away. When she neared the middle of said drive she stopped to permit the nearer of the two automobiles going north to pass her, and then proceeded on across said drive. Suddenly she saw appellant's automobile almost upon her, and was struck by it; she seized the cap of the radiator, was dragged some distance, and then thrown to the pavement; appellant put her in his automobile and took her to a hospital. While at the hospital he made the

statement in the presence of Miss Mary Keneally and Mrs. Helen Price that he did not see respondent until his automobile struck her. There is evidence that the headlights of appellant's automobile were lighted and he could see ahead by these lights for a distance of 100 feet. At the time of the accident the weather was fair, the streets were dry, and there was no fog or rain.

Appellant testified that he approached the said intersection traveling twenty-five miles per hour, and that after crossing the intersection he slightly increased his speed; that he first saw respondent when she was twelve feet in front of him; that he immediately applied his brakes and attempted to swerve the automobile to the left; that about 9 o'clock P. M., after he had taken respondent to the hospital, he returned to the place of the accident; that due to said accident the right headlight of his automobile had been broken; that he found the glass from the broken headlight on said drive about thirty feet south of said intersection, and he is corroborated as to the point where the broken glass was found by the testimony of A. McIntyre.

The law is well established that the findings of the trial court or jury upon conflicting evidence are conclusive, and that all reasonable inferences are to be indulged in support of such findings or verdict. (*Wing* v. *Kishi*, 92 Cal. App. 495 [268 Pac. 483]; *Wilbur* v. *Wilbur*, 197 Cal. 1 [239 Pac. 332]; *Grant* v. *Ryon*, 11 Cal. App. (2d) 101 [53 Pac. (2d) 170].) There is ample evidence to support the verdict of the jury, and consequently it cannot be disturbed by this court. There is evidence that respondent was crossing said drive at the intersection of Poplar Avenue and at the time she was hit by appellant's automobile was on the crosswalk; that there was nothing to obstruct appellant's view as he approached said intersection; that by means of the lights of his automobile he could see ahead at least 100 feet, and in addition there was the light from the 250 candlepower lamp at the southeast corner of said intersection.

The question of respondent's contributory negligence, like that of appellant's negligence, was a question of fact for the jury to determine from the evidence. It is only when the facts are clear and undisputed and when no other inference than that of negligence or contributory negligence

can be drawn, that such negligence or contributory negligence is one of law. (*Fike* v. *San Joaquin Light & Power Corp.,* 73 Cal. App. 712, 720 [239 Pac. 344], and authorities cited.) The jury found upon sufficient evidence that appellant was guilty of negligence which caused the injury to respondent, and that respondent was not guilty of contributory negligence. Such being the case, its verdict must be upheld.

The judgment is affirmed.

Knight, J., and Tyler, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 18, 1937.