[Civ. No. 16484. Second Dist., Div. Two. Dec. 14, 1948.]

WALTER HUPFELD, Respondent, v. MAL WADLEY et al., Defendants; W. A. STRONG, JR., Appellant.

W. A. Strong for Appellant.

Charles T. Lester and Ralph C. Curren for Respondent.

MOORE, P. J.—Appeal from a judgment in favor of plaintiff for damages resulting from personal injuries.

In November, 1943, appellant Strong and Mal Wadley purchased a large quantity of bees and bee equipment in Gooding, Idaho, and entered into the business of bee keeping and the production of honey in Idaho. In May, 1944, Strong employed respondent Hupfeld in Los Angeles, paid him in advance for one week's work in Idaho, and made arrangements for Wadley to transport respondent to Gooding. Strong arrived in Gooding before the work was completed, assisted in its completion, and offered Hupfeld transportation back to Los Angeles. Inasmuch as Wadley was to return immediately, the departing employee elected to return with him. On the way while Wadley was driving, the truck skidded, overturned, and Hupfeld was seriously injured.

Respondent instituted an action against Wadley and Strong alleging a copartnership and his employment thereby, the negligent driving of Wadley and his injury as a consequence thereof. After two days of trial the court found that the business of the defendants constituted a joint venture; the defendants employed plaintiff and agreed to transport him to and from Idaho; the services performed by plaintiff benefited the interests of each defendant; the negligence of Wadley while transporting plaintiff for and on behalf of the joint venture proximately caused plaintiff's injuries. The court concluded that plaintiff was a passenger for hire, and not a guest of defendants, and that Wadley was driving as agent for the joint venture. Thereupon judgment was entered against both defendants. This appeal is by defendant Strong only.

Appellant contends that (1) the findings are not within the issues, (2) the findings are not supported by the evidence, (3) the judgment is against the law, (4) the court erred in the admission and rejection of evidence.

174

It is first urged that inasmuch as plaintiff alleged a partnership which each defendant denied, the court went beyond all issues in finding a joint venture to exist. Such contention is without support. ■ Where the complaint alleges a partnership, relief will not be denied against the defendants *in solido* if the proof establishes a joint venture. (*Champagne* v. *Passons*, 95 Cal.App. 15, 29 [272 P. 353] ; 14 Cal.Jur. 768.) But appellant insists that the law of Idaho must control determination of the existence of the joint venture, although he makes no showing why the laws of that state rather than the laws of California should control in the instant case. ■ The complaint sufficiently alleged the business involved and its location whereby appellant was fully apprised of the nature of the action. He was therefore neither so misled by the pleadings nor prejudiced by the findings as to constitute grounds for reversible error. (Const., art. VI, § 4½.)

Appellant next contends that there was not sufficient evidence to support a finding that the enterprise was a joint venture. The contract for the purchase of the bees establishes that they were acquired by Strong and Wadley, not by Strong alone. Defendant Wadley testified that each of them was to do one-half the work, that the wax and honey should be divided equally and one-half of the expenses would be paid by each. The parties leased a warehouse in Gooding wherein they kept their equipment and supplies. However, appellant asserts that there was no evidence of an agreement between himself and Wadley to form a joint venture. ■ Direct testimony or documents were not essential to such findings. ■ Whether the contract of parties has created, as between themselves, the relation of joint venturers depends upon their actual intention, to be derived by the application of the ordinary rules for the interpretation and construction of contracts. (*Universal Sales Corp.* v. *California Press Manufacturing Co.*, 20 Cal.2d 751, 764 [128 P.2d 665].) Such a contract may even be implied from the conduct of the parties. The law of Idaho is not otherwise. (See *Moon* v. *Ervin*, 64 Idaho 464, 472 [133 P.2d 933].) ■ It follows that the evidence is sufficient to support the finding that the agreement of the defendants constituted a joint venture. (*San Francisco Iron & Metal Co.* v. *American Mill. & Ind. Co.*, 115 Cal.App. 238, 245 [1 P.2d 1008] ; *Andrews* v. *Bush*, 109 Cal.App. 511, 517 [293 P. 152].)

■ The evidence is sufficient to support the finding that Wadley was negligent in his driving prior to the accident.

Negligence is a fact for the trial court's determination from all the evidence. Although the speedometer on the automobile did not register the speed by reason of its being disconnected, there was not a want of evidence from which the rate of travel could have been found. The facts that the pavement was wet and slippery from a drizzling rain preventing effective use of the brakes, that the car skidded 35 feet on the pavement, 15 or more feet on the dirt shoulder, struck a diversion dike, went through the air and landed on its top—these facts were competent proof from which the ultimate fact of a perilous speed could be reasonably inferred. (*Smith* v. *Pacific Greyhound Corp.*, 139 Cal.App. 696, 701 [35 P.2d 169].) ■ The court was not obliged to find that the car was proceeding at 35 or 40 miles an hour because Mr. Wadley so testified, but all the circumstances had to be considered and it cannot be said that the finding of negligence therefrom was unreasonable. (*Musante* v. *Guerrini*, 125 Cal.App. 556, 560 [13 P.2d 965] ; *Dolinar* v. *Pedone*, 63 Cal.App.2d 169, 173 [146 P.2d 237].) ■ But even though the only proof of speed had been the testimony of Wadley, it would have been proper for the court to find his negligence from the prevailing meteorological environment. ■ When the circumstances of an accident are such that reasonable minds might differ as to whether an automobile driver was guilty of negligence, a reviewing court is not permitted to substitute its deductions for those of the trial court. (*Wilbur* v. *Wilbur*, 197 Cal. 1, 7 [239 P. 332] ; *Hammer* v. *Boring*, 17 Cal.App.2d 598, 600 [62 P.2d 378].) ■ It is established that the negligence of one joint venturer is imputable to his associate. Citing *Keyes* v. *Nims*, 43 Cal.App. 1, 9 [184 P. 695], and *Bryant* v. *Pacific Electric Railway Co.*, 174 Cal. 737, 742 [164 P. 385], appellant contends the contrary and concludes that the decision and judgment are against the law. But the statement in *Keyes* v. *Nims* that ''In a joint adventure, no one of the parties thereto can bind the joint adventure'' refers to contractual obligations and is therefore inapplicable in the case of a tort committed by one of the parties in performing an act in furtherance of the joint enterprise. The Bryant case held that it was error for the court to instruct the jury that the negligence of the driver of an automobile was as a matter of law imputable to a fellow passenger. So, also, Wadley's negligence was not imputable to respondent who was a passenger for hire. The negligence is imputed only to his joint venturer even though the latter was absent from the scene. The law is settled that all mem-

bers of a joint venture may be held jointly liable for the injuries arising from the negligent conduct of one of the parties thereto. (*Di Vita* v. *Martinelli*, 123 Cal.App. 392, 394 [11 P.2d 423] ; 38 Am.Jur. 944; 33 C.J. 873.)

 The final assignment is that the court erred in admitting certain testimony of Wadley before the existence of the joint enterprise was established as required by Code of Civil Procedure, section 1870, subdivision 5. Such testimony was admitted for the obvious purpose of establishing the existence of the relationship of the defendants upon which the joint liability could be predicated. Subdivision 5, *supra*, should not be so construed as to preclude the admission of evidence tending to establish the very existence of a relationship which, if established, permits the use of the testimony of one interested party against another.

The grounds for the other objection made by the briefs are not clear. But the entire record fails to disclose the commission of prejudicial error by the trial court in any of its rulings.

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.

The opinion was modified to read as above and petition for a rehearing was denied December 29, 1948, and appellant's petition for a hearing by the Supreme Court was denied February 10, 1949.