[Civ. No. 26453. Second Dist., Div. Four. Feb. 4, 1963.]

RALPH T. KNIGHT, a Minor, etc., et al., Plaintiffs and Appellants, v. WALTER COOK, Defendant and Respondent.

Magana & Olney, James A. McKechnie, Daniel C. Cathcart and Ellis J. Horvitz for Plaintiffs and Appellants.

Spray, Gould & Bowers and Daniel O. Howard for Defendant and Respondent.

BURKE, P. J.—This is an action for damages for personal injuries arising out of an automobile accident. Plaintiff Ralph T. Knight, a 14-year old boy, suing through his guardian ad litem, was struck by an automobile which was jointly owned by three persons, Norton Price, Jack Aulstott and defendant Walter Cook. At the time of the accident Price was driving and Aulstott was a passenger. Defendant Cook was not in the vehicle. The trial court, sitting without a jury, entered judgment against Price in the sum of $80,000 general damages and $2,749.77 special damages. The award of special damages represented actual special damages of $7,249.77 minus $4,500 which was previously paid by Aulstott for a covenant not to sue.

Defendant Cook was held liable as an owner under section 17150 of the Vehicle Code, and the amount of liability was limited to $5,000 as provided by section 17151 of the Vehicle Code. Against this $5,000 liability Cook received a credit of $4,500 for the sum previously paid by Aulstott, and judgment was entered against defendant Cook in the sum of $500.

Plaintiffs appeal from that portion of the judgment awarding only $500 against defendant Cook, and contend judgment should be entered against him for the full amount of damages suffered by plaintiff. The sole issue upon which this contention is based is whether defendant's liability should be unlimited as a joint venturer or limited as a nondriving coowner of the vehicle.

The evidence is uncontroverted. Defendants Cook, Price and Aulstott jointly purchased the automobile which was involved in this accident for the sole purpose of transportation to and from their place of employment. All three resided in the same vicinity, and they all worked for the same employer. Each shared equally in the purchase price of the automobile, and they agreed to share equally in the cost of its maintenance and operation. This arrangement was to continue indefinitely. The accident occurred three days after the automobile had been purchased, and before it had been registered to the three as owners.

On the first two days under this arrangement all three men had driven to and from work in the automobile. Price, who lived farthest from their place of work, drove and kept the

automobile at his residence overnight. On the third day defendant Cook rode to work in the automobile but obtained a ride home with his foreman since he had been working on a different job site. The accident occurred while Price and Aulstott were en route home from work. Testimony of an eyewitness that Price was driving at a high rate of speed supports the trial court's finding of negligence.

In a memorandum decision the trial court found that the three men were joint owners of the automobile and that Price was driving at the time of the accident with the permission and consent of the other two owners. The trial court concluded that defendant was not a joint venturer at the time of the accident. The trial court relied heavily upon the fact that defendant was not present and did not, at the time, exercise an equal right of control over the conduct of the driver.

Appellants are contending in this appeal that the arrangement constituted a joint business venture and each party to the venture should be liable in the full amount on agency principles.

Appellants state the general principle of law that joint venturers are liable for each other's negligence resulting in injury to third persons. They contend that the defendants in this case were joint venturers and set forth the following elements as determining the existence of a joint venture:

(1) An agreement under which the parties have a community of interest in the undertaking;

(2) An understanding as to sharing of profits and losses; and

(3) A right of joint control.

With respect to the first element, community of interest, they state that the defendants shared a similar problem, lack of transportation to and from work without depriving their wives of their family cars. They sought a common solution, purchased an automobile and agreed to share equally in its purchase price, operating and maintenance costs. They refer to the case of *Shook* v. *Beals*, 96 Cal.App.2d 963 [217 P.2d 56, 18 A.L.R.2d 919], in which it appears that four of five defendants jointly shared the cost of renting an airplane for the purpose of taking it on a single fishing trip, and in which the lower court had found that the parties were engaged in a joint venture.

Respondent distinguishes the cited case. One of the questions on that appeal was the sufficiency of the evidence to establish a joint venture. The defendants had appealed from a

jury verdict against them. The appellate court held that it could not be said as a matter of law that there was not sufficient evidence of a joint venture.

In the instant case the court sought to determine by a series of questions the extent of control, if any, exercised by the coowners over their coowner driver as to method of driving, route to be driven and speed, but such answers as were given failed to establish any actual exercise of control on the part of the nondriving coowners and were apparently persuasive in part at least in the ultimate determination of the trial court that a joint venture did not exist. However, the matter does not rest here. Basically, the question is, did the coowners have the right to control their coowner driver independently of their coownership? If yes, the fact that they did not do so becomes immaterial.

█ It must be shown first that a joint venture exists from which it then follows that the negligence of one joint venturer is imputable to the other joint venturers. (*Hupfeld* v. *Wadley*, 89 Cal.App.2d 171, 175 [200 P.2d 564].) █ Absence from the car at the time of the accident does not negative a joint venturer's responsibility. In *Hupfeld* v. *Wadley*, *supra*, at page 175, the court stated:

"The negligence is imputed . . . to his joint venturer even though the latter was absent from the scene."

█ The facts here would establish liability on the part of each coowner for the negligent operation of the automobile under the driving with consent statute, section 17150 Vehicle Code, consent being admitted in this case, were the parties not also generally liable as joint venturers. We are asked to recognize the joint venture relationship of the defendants Price, Aulstott and Cook, and by so doing to extend the vicarious liability from the limited amount of $5,000 imposed on nondriving coowners by the driving with consent statute to the unlimited liability attending the joint venture status.

Appellants argue that equality of benefits flowing to the defendants in this case, such as the two-thirds saving in the cost of operation of the automobile is similar to the sharing of profits involved as an aspect and test of the existence of most joint ventures. Respondent does not view this as a sharing of profits, but merely as an incidental aspect of joint ownership; each defendant was interested solely in his own benefit and not common benefit. We believe this distinction cannot be supported. Followed to its logical conclusion practically

every joint venture would fail since even in the more conventional type of joint venture where profit making is the prevailing motive, the individuals are primarily interested in the yield that follows to each. Here, there was a common benefit obtainable by a pooling of their transportation needs through the purchase and operation of one automobile.

The agreed relationship between the defendants herein, supported by substantial evidence, shows (a) a mutuality of purpose and interest in the problem of transportation "to and from" work, limited to this objective. If the accident had occurred while the driver was taking his wife to the theater after working hours such activity would not have been within the "scope" of the venture. But here the accident happened while the car was being driven "to and from" work; (b) a joint proprietary interest in the property of the venture, the automobile; (c) a sharing of benefits in the reduced cost of transportation to and from work; (d) a sharing of costs in the car's operation, in this instance the very gasoline and oil used at the time of the accident being jointly purchased; and (e) a control over the car's operation in that each party could direct the driver where and when to pick him up, thereby determining his route and time of driving.

We must therefore hold that all the incidents of a true joint venture are present in the instant case and the defendants Price, Aulstott and Cook must be held to have been joint venturers.

Accordingly, we hold the trial court's findings of fact VII should be amended to read:

### "VII

"It is true that defendant Norton Shelton Price was the agent of the defendant Walter Cook and that it is true that Norton Shelton Price was driving said 1951 Frazier 4-door sedan as a joint venturer with the defendant Walter Cook."

Furthermore, the conclusions of law of the trial court I and II are amended as follows:

### "I

"That on or about the 23rd day of October 1957 at the time of the happening of the subject accident defendant Norton Shelton Price was driving a 1951 Frazier 4-door sedan, was then and there the agent of defendant Walter Cook and was a joint venturer with said defendant Walter Cook."

"II

"That defendant Walter Cook is liable on the theory of joint venture."

The judgment against defendant Cook is modified with directions to enter judgment against him in the full amount of general and special damages in the sum of $82,749.77. In all other respects the judgment is affirmed.

Jefferson, J., and Bishop, J. pro tem.,* concurred.

A petition for a rehearing was denied March 5, 1963, and respondent's petition for a hearing by the Supreme Court was denied April 3, 1963. Traynor, J., and Schauer, J., were of the opinion that the petition should be granted.

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.